## SUPREME COURT.

### THE WESTERN BANK agt. THE CITY BANK OF COLUMBUS.

A foreign corporation is not authorized, either by the Revised Statutes or the Code, to sue another foreign corporation in the courts of this state, by attachment, unless the cause of action has arisen, or the subject of the action is situated within this state.

Where a loan is made by one non-resident to another, out of this state, and secured by a draft drawn upon a person residing within this state, the cause of action can not be said to have arisen within this state.

*New York Special Term*, 1852. *Motion to discharge an attachment.* The parties are both foreign corporations. The plaintiffs lent to the defendants the sum of ten thousand dollars, and to secure the payment of the same, a bill of exchange was given, drawn upon a person residing in the city of New York.

F. F. MARBURY, *for the Motion.*

—— ——, *Opposed.*

Western Bank agt. City Bank of Columbus.

EDWARDS, Justice.—The Code of Procedure provides that an action against a corporation, created by or under the laws of any other state, government or country, may be brought in the Supreme Court, 1st. By a resident of this state for any cause of action. 2d. By a plaintiff not a resident of this state when the cause of action shall have arisen, or the subject of the action shall be situated within this state (§ 427).

The plaintiffs in this suit being a foreign corporation, can not by the provisions of *this* statute sue the defendant, being also a foreign corporation, unless the cause or subject of the action is of the character above stated. It is said, however, that under the Revised Statutes the plaintiffs have a right to sue the defendant in this suit, without reference to the place where the cause of action may have arisen, or the subject thereof may be situated. The statute relied upon provides that a foreign corporation, created by the laws of any other state or country may, upon giving security for the payment of the costs of such suit, prosecute in the courts of this state in the same *manner* as corporations created under the laws of this state (2 *R. S.* 457, § 1). But it does not say that a suit may be brought here by a foreign corporation against the same *parties* as could be sued here by a corporation created under the laws of this state. The Revised Statutes also provided that suits brought in the Supreme Court by a *resident* of this state against any corporation created by or under the laws of any other state, government or country, for the recovery of any debt or damages might be commenced by attachment (2 *R. S.* 459, § 15; 6 *Hill*, 297). A corporation created under the laws of another state is not a resident of this state, and no possible reason can be assigned why a foreign corporation should be placed upon a better footing than a non-resident individual. The fact that a foreign corporation is obliged to give security for costs can not be any reason for such a distinction; for a non-resident individual plaintiff may be compelled at any time in the progress of the suit to give the same security.

The next question is whether the cause of action arose here? The complaint states that the plaintiffs lent to the defendants the sum of ten thousand dollars, and to secure the payment of the same gave a bill of exchange, drawn by certain persons whose

names are mentioned, upon a person residing in the city of New York. It is not alleged or pretended that the loan, which is the cause of action, was made here. As the plaintiffs have no right to sue the defendant in this state the attachment must be discharged.

---

## COURT OF APPEALS.

*Miscellaneous Practice at the Terms of the Court, not included in the Rules.*

All the terms are held at the capitol in the city of Albany. *Four* argument terms in a year.

The court opens at 10 o'clock A M. on the *first* Tuesday of *January*, *fourth* Tuesday of *March*, *third* Tuesday of *June*, and the *last* Tuesday of *September*.

A term for consultation and decisions, to finish up the year's business, is held in the latter part of December in each year.

The *Chief Judge* has control of the calendar. All propositions in reference to the arrangement or disposition of causes should be addressed to him. ( The other members of the Court are usually consulted.)

Causes struck off under the rule are *not included* in the *ten* called each day under the rule.

The Clerk publishes in the newspapers, at Albany, all the proceedings of the Court each day, during the term.

A cause, when ready on both sides, may be submitted upon printed arguments and points, *on any day during the term.*

When causes are decided at the close of each term, the *opinions* are delivered to the *reporter* — not to the *clerk*. In cases of *motions*, the opinions are usually left with the clerk among the motion papers.

*Tuesdays* and *Fridays* of each week are motion days.

The Court usually adjourn for the term on *Friday* of the fourth week.

Causes argued or submitted are usually *decided at the close of the next succeeding term*.