## SUPREME COURT.

### HENRY A. CAMPBELL agt. THE COMPANY OF PROPRIETORS OF THE CHAMPLAIN AND ST. LAWRENCE RAILROAD.

Where the demand for which the action was brought, arose upon written contracts for the payment of money, made, executed, delivered and made payable in Canada ; and all the labor done and materials furnished, were under those contracts, and upon work located in Canada, for a corporation created by the

Campbell agt. Proprietors of the Champlain & St. Lawrence Railroad.

laws of Canada and existing there, except a small part, which was performed in this state, by virtue of said contracts,

*Held*, not a case where the *subject of the action* was situated in this state; and although the defendant (the foreign corporation) had *property in this state* liable to attachment, the attachment could not be sustained by a *non-resident* plaintiff. (*This agrees with Whitehead* agt. *The Buffalo and Lake Huron Railway Company, ante, page* 218, *but the decision was made prior to that.*)

Where it appeared that the parties had, previous to the commencement of this action, entered into a bond of submission to arbitrators in Canada, of all their differences and matters arising out of and under said contracts, whose award and determination should be final and conclusive upon them, and such submission was had, and an award made,

*Held*, that the *award* was the only *cause of action* arising out of said contracts, and unless the award was set aside, and the bond of submission revoked, the several matters which composed the plaintiff's claim, were merged in the award and could not be separated into their original elements.

And where the plaintiff's complaint counted upon the same claims submitted to the arbitrators and included in the award, and judgment demanded for precisely its amount, with interest from its date, at the rate allowed by the laws of Canada,

*Held*, that the action was upon the *award*, as none other could be maintained. The action being upon the award, the award must be regarded as a *foreign debt*, not a cause of action arising within this state.

Therefore, neither the plaintiff (he being a non-resident) nor his cause of action, were within the provisions of the statute, which allows an action to be brought against a *foreign corporation*, and the court had no jurisdiction. Attachment, &c., set aside.

*Clinton Special Term, February,* 1858.

THIS is a motion to dismiss the summons and complaint issued in this action, to vacate the order of attachment, and to set aside the order authorizing service on the defendant by publication.

The facts of the case are these: The defendant is a foreign corporation, created under and by virtue of the laws of Canada; the plaintiff is not a resident of this state, but a citizen of the United States, and of the state of New-Hampshire; the action was commenced by summons and complaint, and upon an affidavit of indebtedness, that defendant was a foreign corporation and had property within the state; an attachment was issued, and property to the amount of about $60,000 seized and detained under it; on the same affidavit, with an affidavit

of the sheriff, that neither the defendant nor any of its officers could be found within the state, an order was granted, directing that service of the summons be made by publication, &c.

The complaint filed with the summons in the county clerk's office, sets forth that the defendant is a foreign corporation, with power to build a branch line of railroad from St. Johns in Canada, to some point on the St. Lawrence river, opposite Montreal, and from St. Johns to the Province line, at or near Rouse's Point, and to erect wharves, &c., at either termini; it states two causes of action, one for the labor and services of plaintiff and his servants, and material found in building a branch railroad from St. Johns to Rouse's Point, in the state of New-York, at the request of the defendant, in pursuance of an agreement made between them; the other for the use of, and injury to a locomotive, used and employed on said railroad in Canada. The complaint further averred, that the work and labor done, materials furnished, and money advanced by plaintiff, had been settled and agreed upon by and between the plaintiff and the authorized agent of the defendant.

The plaintiff in his affidavit, on which the attachment was issued, says that the indebtedness of the defendant to him, "arose for work, labor and services done and performed by him for the defendant, at its request and its agreement to pay him therefor, and for money paid, laid out and expended by plaintiff, at the request and for the benefit of the said defendant, and for materials furnished to the defendant by the plaintiff, at the request and for the use of the defendant, in and about the building of the defendant's railroad and its wharves at St. Lambert, in Canada East, and the appurtenances thereto appertaining and belonging;" that the whole amount of labor was $568,785.59, and that he received $491,637.01, leaving due on the 12th day of July, 1854, $77,148.58.

The moving affidavits show, that the contracts for all the work, labor, materials and money, from which the plaintiff's demand arose, were made and executed in Canada, and payable there. Work was done under such contract in the state of New-York, to the amount of about $15,699. On the 19th

of October, 1852, the parties entered into an agreement to submit all their differences for work, labor, money, &c., arising under said contract to arbitrators therein named, whose award and determination should be final and conclusive upon them ; said arbitrators afterwards met, and the parties submitted their claims and demands to them, and after having duly considered the same, they did on the 12th day of July, 1854, make their award, whereby they found due from the defendant to the plaintiff, the sum of $77,148.58. This included the use of and injury to the engine, for which claim is made in the second count of plaintiff's complaint.

The defendant's affidavit shows that the locomotive for which claim was made in the second count of the plaintiff's complaint was used in Canada, injured in Canada, and that the contract of hiring and place of payment was in Canada. The whole sum claimed in the complaint is the same as the award, with interest from that date, at 6 per cent., the rate of interest in Canada.

> JAMES AVERELL, *for plaintiff.*
> T. ARMSTRONG and L. STETSON, *for defendant.*

JAMES, Justice. At common law, foreign corporations could not be reached by process of law from our courts, nor could their property within the state be made to satisfy demands or claims against them. Our statutes early gave a proceeding by attachment against property within the state, of non-resident debtors, including corporations—a proceeding which was the commencement of an action. That remedy still exists, notwithstanding the provisions of the Code of Procedure.

By the latter statute, actions must be commenced by a summons followed by a complaint. In the case of a foreign corporation, service of the summons may be by publication, when it shall appear that such corporation has property within the state, or the cause of action arose therein. (*Code*, § 135.) In such actions, as a provisional remedy, an attachment may also issue at the same time with the summons or at any time after-

wards, and the property of the defendant be arrested and held to answer any judgment which the plaintiff may obtain in the action. (*Code*, § 297.)

The present action was commenced under the Code. By the Code, actions are only authorized to be brought against foreign corporations, by a plaintiff who is a resident of this state, by a non-resident plaintiff when the cause of action arose in the state, or the subject of the action shall be situated within the state. (*Code*, § 427.) The statute of 1849 also provides that suits may be brought against a foreign corporation, upon any contract made, executed or delivered within this state, or upon any cause of action arising therein. Unless this cause of action or its subject matter be within one or the other of these requirements, the court is without jurisdiction, and all further proceeding must cease and the action be dismissed.

There is nothing on the face of the original papers, showing that the case is within either of the provisions of section 427. Were not this a court of general jurisdiction, I should hold that the proceeding ought to be dismissed, for the reason that authority to entertain the action does not affirmatively appear by the plaintiff's own showing; and even in this court, I think the safer and better practice in cases of special jurisdiction is, for the moving papers to show affirmatively that the court has jurisdiction.

The motion papers show that the demand for which this action is brought, arose upon a contract for the payment of money. Therefore, this is not a case where the *subject of the action* is situated within the state; it also appears that the contracts were made, executed, delivered and made payable in Canada; that all the labor done and materials furnished, were under those contracts, and upon work located in Canada, except that a part of the work under one contract, amounting to about $15,000, extended a short distance over the Province line into this state; and that the plaintiff is not a resident of this state, but a citizen of the United States, and a citizen and resident of the state of New-Hampshire.

The plaintiff claims that this action and proceeding should

be sustained and upheld on two grounds: 1st. Because the plaintiff, though not a resident of this state, is nevertheless a citizen of the state of New-Hampshire, and if the statute excludes him from having and maintaining this action, it violates the first part of the second section of the fourth article of the constitution of the United States, which declares that " the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states," and is, therefore, unconstitutional and void. 2d. That the cause of action, or a part thereof, arose within this state.

To plaintiff's first position there are several very conclusive answers. 1st. The right to bring this action against the defendant, a foreign corporation, only exists by statute, and the statute gives it only to residents of this state, unless, &c. If for that reason it is unconstitutional and void, it will not aid the plaintiff; it only leaves the court without jurisdiction, so that no action can be maintained by any person in this state against a foreign corporation. 2d. The statute makes no distinction between the citizens of this state, and those of any other state or country. Our own citizens must be residents to entitle them to bring an action against such a defendant, unless the demand arose within the state ; and the citizen of any other state or nation, if a resident, is entitled to the same privilege. The right does not depend upon *citizenship* but upon *residence.*

The second is a more difficult question; still, I am of the opinion that the demand sought to be recovered cannot be said to have arisen within this state. As to the whole demand there can be no doubt. I am not prepared to say, where a part of the cause of action arose within the state, whether a non-resident plaintiff could recover against a foreign corporation; but in such case, I would not dismiss the proceeding at this stage of its progress, but would allow it to proceed, and if jurisdiction was sustained for such portion, let the severance be made upon the trial.

But no cause of action existed for that part of the work done in this state, separate from, and independent of the written

contract under which it was performed. A cause of action does not exist until the claimant has the legal right to sue. In a contract for labor, &c., no action lies until breach or performance, and neither breach by defendant, or performance by plaintiff, is alleged in this complaint as the basis of plaintiff's right of action.

Again, the case shows, that in October, 1852, the parties entered into a bond for the submission to arbitrators, of all their differences, for work and all other matters arising out of and under the said contracts, whose award and determination should be final and conclusive upon them. While that bond continued in force unperformed, no cause of action existed to either party. That bond was never revoked, but on the contrary a submission was had under it, and an award made, and hence the award is the only cause of action arising out of the aforesaid contracts, now extant between the parties. By it the several matters which composed the plaintiff's claim against the defendant are merged, and cannot be separated into their original elements, unless the award be set aside, and the bond of submission revoked.

After a careful examination and consideration of the case, I think this must be held an action upon the award. The two counts are for the same claims submitted to the arbitrators, and included in the award; judgment is demanded for precisely its amount, with interest from its date, at the rate allowed by law in the country where it was made. In fact no other action could be maintained.

The action being upon the award for labor, &c., performed mostly in Canada, under contracts made, executed, delivered and payable there, by virtue of a bond of arbitration there made, and a submission there had, such award must be regarded as a foreign debt; in other words, not a cause of action arising within this state, in the just sense contemplated by the statute.

The suggestion of Justice HAND, in *Bank of Commerce* agt. *Rutland and Washington Railroad* (10 *How.* 8), that "*if* the subsequent amendment of §§ 134 and 135 of the Code, limit-

ing the service of summons to cases where the cause of action arose in the state, or the defendants had property here, is to be construed as modifying section 427, then a foreign corporation may be sued whenever it has property here," was not intended as an adjudication of the amendment of sections 134 and 135, but as merely suggesting the effects of such a construction. When that case was before the general term, no such construction was approved. Sections 427 and 134 and 135, each have their special office, and are in harmony with each other. Section 427 specifies the cases in which actions may be brought against foreign corporations; and sections 134 and 135, prescribe the manner of service in such and other actions, and without inquiring whether the action can be sustained.

As neither the plaintiff nor his cause of action are within the provisions of the statute which allows an action to be brought against a foreign corporation, the court has no jurisdiction of the proceedings; the attachment order, authorizing the service of summons by publication, and all acts done under them, must be set aside, and the said orders be discharged and vacated, with $10 costs.*

*This decision was afterwards unanimously affirmed on the foregoing opinion, by the general term of the Fourth District.