## SUPREME COURT.

### JAMES CANTWELL agt. THE DUBUQUE WESTERN RAILROAD COMPANY.

If the plaintiff is not a resident of the state, or the subject of the action did not arise or is situated within the state, he cannot have an attachment under the Code.

Where a note was made at the office of the defendants in the state of Iowa, and was payable at a bank in the city of New-York, *held*, that *the cause of action* did not arise in this state.

Whether on a motion to vacate an order of publication of summons, additional affidavits may be used in support of the order? *Doubtful.*

*Erie Special Term, November,* 1858.

MOTION to vacate the order for the publication of the summons, and another motion to set aside the attachment. The plaintiff resides in Ohio. The defendant is a foreign corporation, created by the laws of Iowa, and having its principal office at Dubuque in that state.

In the affidavit to obtain the order of publication, the plaintiff states that the defendant is indebted in an amount named, "upon its promissory note duly executed," without stating *where* it was executed or where it was *payable.* It does not appear from the affidavit made to obtain the attachment, where the note was made or where it was made payable.

In opposition to the motions, an affidavit was read in behalf of the plaintiff, without any intimation from the court whether such affidavit could or could not be properly read; showing that the action was upon a note dated at the office of the defendant, Dubuque, and payable six months after date, at the Metropolitan Bank, in the city of New-York.

W. W. MANN, *for plaintiff.*
S. S. ROGERS, *for defendant.*

MARVIN Justice. The plaintiff's counsel insists, that if the

original affidavits are insufficient, the plaintiff ought to be permitted to amend. Upon a motion to set aside an attachment, it has been frequently held that counter and supplemental affidavits may be read in support of the attachment. ( *Voorhies' Code, 5th ed.* 280 ; *see also Howard's Code and notes, under* § 229, *page* 343.) But I am not aware that upon a motion to vacate the order for the publication of the summons, there is any authority that additional affidavits may be used in support of the order. It seems to me that this order must stand or fall upon the affidavits upon which it was granted. But I will not pursue this question, as it may be that the original affidavit was sufficient under section 135, as it does state that the defendant " has property within the state," provided the case comes within section 427, though the facts to bring it within that section, were not made to appear by affidavit. By that section, an action may be brought against a foreign corporation " in the following cases :" 1. By a resident of this state, for any cause of action. 2. By a plaintiff not a resident of this state, when the cause of action shall have arisen, or the subject of the action shall be situated within this state."

In the present case, the plaintiff is not a resident of the state. It is claimed, resorting to the supplemental affidavit, that the cause of action arose within this state. The note was made at the office of the defendant in the state of Iowa, and was payable at a bank in the city of New-York. In my opinion *the cause of action* did not arise within this state, within the meaning of this provision of the Code. It is true the note was payable here, and the failure to pay constituted the breach of the contract. But the cause of action is the contract or promise, made in Iowa. By the Revised Statutes *a resident of this* state was permitted to commence a suit by attachment against a foreign corporation. (2 *R. S.* 459, § 15.)

An attachment against a non-resident debtor could be issued where he was indebted on a contract made within this state, or to a creditor residing within this state, although upon a contract made elsewhere. (2 *R. S.* 3, § 1.) The provisions of the Code are undoubtedly much broader in relation to attach-

ments generally, and in actions against foreign corporations. But in the latter case, if the plaintiff is not a resident of the state, the cause of action must have arisen within the state, or the subject of the action must be situated within the state. *The Western Bank* agt. *The City Bank of Columbus*, (7 *How. Pr. R.* 238,) is as I understand it, an authority for the position above-taken.

The motions must be granted, with $10 costs.