## SUPREME COURT.

THE CONNECTICUT MUTUAL LIFE ASSURANCE COMPANY agt. THE CLEVELAND, COLUMBUS and CINCINNATI RAILROAD COMPANY.

Where parties (though both are foreign corporations) make a *contract out of the state,* and contemplate its *performance in the state,* the cause of action thereon *arises here,* and the court has jurisdiction.

*New York General Term, May,* 1862.

INGRAHAM, LEONARD and BARNARD, *Justices.*

THE plaintiffs, on the first of February, 1862, attached funds of the defendants deposited in the city of New York by the defendants, to pay their eastern stockholders. The suit in which the attachment issued was commenced to enforce defendants' liability as guarantors of the bonds and coupons of the Columbus, Piqua and Indiana Railroad Company, now insolvent. The defendants moved to set aside the summons and attachment, on the ground that the parties are foreign corporations, and the cause of action did not arise in this state. The plaintiffs contended that the cause of action arose in this state, the bonds and coupons being payable at the office of the Ohio Life Insurance and Trust Company, in this city; that the defendants, by a general appearance, waive any irregularity of service, and that, irrespective of any state law, a corporation created

in another state was entitled to all the rights and remedies of any citizen of another state in our courts.

The following opinion, at special term, was delivered by LEONARD, J. : There is such a diversity of authority upon the question, viz., where does the cause of action arise, where the contract is made out of the state, but is payable, or to be performed within it, that I find myself not at liberty to advance my own views at special term, where a decision adverse to the plaintiffs may result in leaving them remediless. I feel particularly constrained by the case of *Burckle* agt. *Eckhart*, reported in 3d *Coms. R.*, 132. From the result to which I have arrived on this question, it is not necessary to consider the point raised in relation to the effect of the notice served with the order to show cause. I think, however, jurisdiction could not be claimed in consequence of the notice, if allowed the construction claimed for it by the plaintiffs, unless the cause of action arose in this state. The object of section 427 of the Code was not to confer a privilege upon foreign corporations, but creates a rule of policy which is independent of any action of the corporation or parties. Defendants' motion must therefore be denied, with costs to abide the event of the suit.

The defendant appealed.

    E. S. VAN WINKLE, *for appellant, cited Whitehead* agt. *B. & L. H. R. R. Co.*, (18 *How.*. 218 ;) *Campbell* agt. *Ch. & St. L. R. R. Co.*, (*id.*, 412 ;) *Harriot* agt. *N. J. R. R. Co.*, (8 *Abb.*, 284 ;) *Dickinson* agt. *Benham*, (19 *How.*, 410 ;) *Wilson* agt. *Britton*, (6 *Abb.*, 33.)

    WILLIAM E. CURTIS, *opposed.*

I. The cause of action arose in this state; the coupons upon which this action is brought being all payable in this state, and the conditions precedent to their payment to be performed here, and the bonds to which they belong, and

the mortgage securing them being made to a party in this state, and the default in payment and breach of the contract having been made in New York.

This was so held, especially in the case first cited below, after a careful review of the law, and affirmed at the general term. (*Bank of Commerce in Boston* agt. *Rutland & W. R. R. Co.*, 10 *How. Pr. R.*, 1 ; *Burckle* agt. *Eckhart*, 3 *Coms.*, 132 ; *Robinson* agt. *Bland*, 2 *Burrow*, 1078 ; *Thompson* agt. *Ketcham*, 8 *John.*, 189 ; *LeBreton* agt. *Miles*, 8 *Paige*, 261 ; *Fanning* agt. *Consequa*, 17 *John.*, 511 ; *Andrew* agt. *Pond*, 13 *Peters*, 65 ; *2d Parsons on Contracts*, 94, *and cases cited* ; *Story on Conflict*, §§ 280, 281 ; 2 *Kent's Comment.*, 460, 393.)

The surrender of this jurisdiction would inflict great loss on holders of railroad and other securities payable in New York, and it would be precisely a contrary course to that pursued in England. (*Cooper* agt. *Earl of Waldgrove*, 2 *Beavens' Rep.*, 282 ; *The case of the Western Bank* agt. *City Bank of Columbus*, 7 *How.*, 238, *and to which the special term, in Cantwell* agt. *D. W. R. R. Co.*, 7 *How.*, 16, *refers, is explained in* 10 *How.*, *p.* 10, *above cited, and does not affect the question.*)

II. The subsequent amendments (§§ 134–5 *of Code*) modify § 427, so that a foreign corporation may be sued whenever it has property here. This was clearly the intention of the framers of the amendments, and the court intimated that they would take that view in a case where the papers disclosed property in this state belonging to a foreign corporation. (*Bank of Commerce in Boston* agt. *Rutland & W. R. R. Co.*, 10 *How. Pr. R.*, 8.)

III. A suit by a non-resident or a foreign corporation against a foreign corporation, can be commenced and prosecuted to judgment, when either the cause of action arose in this state, or when the corporation has property in this state subject to attachment. (*Code*, §§ 427, 134, 135 ; 3*d R. S.*, 5*th ed.*, *p.* 755, § 1, *p.* 756, § 13 ; *Laws* 1849.)

The statutory rights given foreign corporations to sue as above, are not affected by the Code. (*Code*, § 471.)

The above provisions of the Code and Revised Statutes are ancillary to the principles existing by comity among all civilized nations, that their courts of law and remedies are open to foreign corporations and foreign governments. (*Republic of Mexico* agt. *Arrangois*, 11 *How.*, 3, 4 *and* 5.)

The rights, in all litigations, of a corporation incorporated in a sister state, are the same as those of a citizen of another state, and are protected by the provisions of the United States' constitution to that effect, guaranteeing " that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." (*U. S. Constitution, art.* 4, *sec.* 2, *part* 1 ; *Denniston* agt. *N. Y. & N. H. R. R. Co.*, 2 *Abb.*, 279.)

INGRAHAM, P. Justice. My associates concur with me in the opinion that, where parties making a contract out of the state contemplate its performance in the state, the cause of action arises here, and the court has jurisdiction. We have recently decided to hold so in the case where a suit is brought on a policy of an insolvent Life Insurance Company, where the parties entered into the contract out of the state, but contemplated performance here.

The attachment is entitled to be sustained, and an order must be made affirming the order appealed from.