ITHACA FIRE DEPARTMENT, Appellant, *v.* HENRY B. BEECHER
et al., Respondents.

Under the provisions of the act of 1875 (§§ 1, 2, 3, chap. 465, Laws of 1875),
as amended (Chap. 359, Laws of 1876; chap. 153, Laws of 1879), imposing
a penalty upon the agent of a foreign insurance company who effects
or procures an insurance against fire upon property within the limits of
a city or incorporated village, without having first given a bond to the
treasurer of the fire department of the municipality, conditioned for the
payment to such treasurer of a percentage on premiums received, the
cause of action so given arises in the municipality ; it is immaterial
where the contract of insurance was actually signed.
Under the provision, therefore, of the Code of Civil Procedure (§ 983), requir-
ing that an action to recover a statutory penalty shall be in the county
" where the cause of action, or some part thereof, arose," an action to
recover such a penalty is triable in the county wherein the city or village
is located.

(Argued June 17, 1885 ; decided June 26, 1885.)

APPEAL from order of the General Term of the Supreme
Court, in the fourth judicial department, made January 31,
1885, which affirmed an order of Special Term, changing the
place of trial herein from the county of Tompkins to the
county of New York.

The nature of the action is stated in the opinion.

*Bradford Almy* for appellant.   Tompkins county was prop-
erly named as the place of trial.   (Code of Civ. Pro., § 983;
chap. 465 of the Laws of 1875, as amended by chap. 359 of
the Laws of 1876, and chap. 153 of the Laws of 1879.)   The
place of contract constitutes no part of the cause of action.
( *Wiles* v. *Suydam*, 64 N. Y. 173; *Veeder* v. *Baker*, 83 id.
156.)   The capacity in which defendants acted, in writing the
insurance, is only a relevant subject of inquiry when inter-
posed as a defense to the action.   (*McCoun* v. *N. Y. C. & H.
R. R. R. Co.*, 50 N. Y. 176 ; *Veeder* v. *Baker*, 83 id. 156.)

*W. C. Beecher* for respondents.   An action to recover a
penalty, or forfeiture, imposed by statute, must be tried in the

county where the cause of action, or some part thereof, arose. (Code of Civ. Pro., § 983.) The cause of action arose in New York county, and there the action should have been brought. (21 Hun, 109.) Every fact that a party is obliged to prove, as a condition precedent to recovery, does not, by any means, constitute a part of the cause of action, within the meaning of the Code. ( *Veeder* v. *Baker*, 83 N. Y. 156.)

EARL, J. It is provided by chapter 465 of the Laws of 1875, as amended by chapter 359 of the Laws of 1876, and chapter 153 of the Laws of 1879, as follows : " Section 1. There shall be paid to the treasurer of the fire department of every city or incorporated village of this State * * * by every person who shall act as agent for or on behalf of any individual or association of individuals not incorporated by or under the laws of this State, to effect insurance against loss or injury by fire upon property in this State, although such individual or association may be incorporated for that purpose by any other State or country, the sum of $2 upon the $100, and at that rate upon the amount of all premiums which, during the year or part of a year ending on the last preceding first day of September, shall have been received by such agent or person, or received by any other person for him, or shall have been agreed to be paid for any insurance effected or agreed to be effected, or promised by him as such agent, or otherwise to be effected, against loss or injury by fire upon property situate within the corporate limits of such city or village." " Section 2. No person shall, as agent or otherwise for any individual, individuals or association, effect or agree to effect any insurance upon any property situate in any city or incorporated village of this State upon which the above duty is required to be paid, or as agent or otherwise, procure such insurance to be effected until he shall have executed and delivered to the treasurer of the fire department of the city or village in which the property insured is situated, * * * a bond to such fire department in the penal sum of $500, with such sureties as such treasurer shall approve, with a condition that he will an-

nually render to such treasurer on the first day of November in each year, a just and true account, verified by his oath that the same is true of all premiums which, during the year ending on the first day of September preceding such report, shall have been received by him or by any other person for him, or agreed to be paid for any insurance against loss or injury by fire upon property situate in such city or village which shall have been effected, or procured by him to be effected for any individual, individuals or association not incorporated by the laws of this State as aforesaid, and that he will annually, on the first day of November in each year, pay to said treasurer $2 upon every $100, and at that rate upon the amount of such premiums."

" Section 3. Every person who shall effect, agree to effect, promise or procure any insurance specified in the preceding sections of this act, without having executed and delivered the bond required by the preceding section, shall, for each offense, forfeit $200 for the use and benefit of the fire department of such city or village, and such penalty of $200 shall be collected by and in the name of the fire department of the city or village in which the property insured, or agreed to be insured, is situated."

This action was brought to recover two penalties under section 3, and the place of trial named in the summons was Tompkins county. Defendants·claiming that the place of trial should be changed to the city of New York, demanded such change, and, upon refusal, made a motion to the court at Special Term, and it changed the place of trial to that city, and, from that order, the plaintiff appealed to the General Term, and from affirmance there to this court. The provision of the Code under which the order was made is section 983, which, among other things, provides, that an action to recover a penalty or forfeiture imposed by statute shall be tried in the county " where the cause of action, or some part thereof, arose." The defendants claim that no part of this cause of action arose in the county of Tompkins, but that it arose wholly in the city of New York, and that, therefore, the place of trial was properly changed to that city.

It is frequently difficult to define or to precisely specify in what a cause of action consists, or to determine where it arose. These defendants, as agents of foreign insurance companies, were, under section 1, above cited, bound to pay to the treasurer of the fire department of Ithaca $2 upon every $100 received by them for insurances effected upon property situate in that village. By section 2 they were prohibited from effecting any insurance upon any property situated there until they should have executed and delivered to the treasurer of the fire department, a bond conditioned to account for, and pay the sums required by the first section to be paid. Under section 3 they became liable for a penalty for effecting insurance upon property without having first executed and delivered the bond required by section 2.

We think the whole cause of action arose in the village of Ithaca. The percentage of premiums was required to be paid there; the bond was required to be given there; the penalty was payable there, and the insurance was effected upon property situated there. Out of some or all of these facts the cause of action arose. It matters not where the contracts of insurance were actually signed, they took effect upon property in the village of Ithaca.

The construction contended for by the defendants would allow the agents of foreign insurance companies, provided they issued policies outside of the State, to carry on their operations within the State, without incurring any penalty under the statute, as it can operate only within the State. A construction which would lead to such a result should not be adopted unless a fair interpretation of the law and the facts requires it.

We are, therefore, of opinion, that the orders of the General and Special Terms should be reversed and the motion denied, with costs.

All concur.

Orders reversed and judgment accordingly.