THE YATES COUNTY NATIONAL BANK OF PENN YAN, RESPONDENT, *v.* ZARA H. BLAKE, APPELLANT.

*Practice — Code of Civil Procedure, sec. 982 — does not include an action to compel an assignment of a mortgage.*

The plaintiff, the owner of a mortgage upon real estate in the county of Livingston, brought this action against the defendant, the owner of a first mortgage upon the same premises, to compel him to assign his mortgage to the plaintiff upon the payment of the amount secured thereby.

*Held,* that the action was not a local action, within the provisions of section 982 of the Code of Civil Procedure, requiring such action to be tried in the county in which the subject of the action was situated.

APPEAL from an order of the Monroe Special Term, denying a motion to change the place of trial from the county of Yates to the county of Livingston, under section 982 of the Code of Civil Procedure.

*J. A. Vanderlip,* for the appellant.

*William T. Morris,* for the respondent.

HAIGHT, J. :

The plaintiff is the owner of a mortgage upon real estate in the county of Livingston. The defendant is the owner of a first mortgage upon the same lands. The action was brought to compel the defendant to assign to the plaintiff his mortgage, upon the payment to him of the amount secured thereby

The question is whether or not this action is within the provisions of the section named. The section provides that " each of the following actions must be tried in the county in which the subject of the action, or some part thereof, is situated : An action of ejectment ; for the partition of real property, for dower ; to foreclose a mortgage upon real property, or upon a chattel real ; to compel the determination of a claim to real property; for waste ; for a nuisance, or to procure a judgment directing a conveyance of real property, and every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real."

It has been held that an action brought to restrain the erection of a bridge over a public highway, to connect buildings on opposite sides of such highway, on the ground that such erection will injure property, is local and not transitory. (*Leland* v. *Hathorn*, 42 N. Y., 547.)

That an action brought to set aside an assignment for the benefit of creditors, on the ground of fraud, where the assigned property consists in part of real estate, is within the provisions of the section. (*Acker* v. *Leland*, 96 N. Y., 383.)

That an action to recover a penalty of the agent of a foreign insurance company, who effects or procures an insurance against fire, within the limits of a city or incorporated village, without having first given a bond to the treasurer of the fire department of the municipality, conditioned for the payment to such treasurer of a percentage on premiums received in accordance with the statute, is also within the provisions of the section. (*Ithaca Fire Department* v. *Beecher*, 99 N. Y., 429.)

That an action to have a deed of land declared a mortgage and for the conveyance thereof, is local within the provisions of the Code. (*Bush* v. *Treadwell*, 11 Abb. [N. S.], 27.)

That an action by a receiver to set aside a conveyance or assignment of real property made to defraud creditors is also within the provisions of the Code. (*Thompson* v. *Heidenrich*, 66 How., 391.) That an action for trespass to real estate is also local. (*Easton* v. *Booth*, 19 N. Y. Weekly Dig., 552.)

But it will be observed that none of these authorities cover the question under consideration. A mortgage undoubtedly creates a lien upon real estate, and the question is whether or not such a lien is affected by this action. The relief sought is not to change the mortgage or the amount that it was given to secure; that remains the same even though the plaintiff should recover in this action. The action is simply to have the lien created by the mortgage transfered from the plaintiff to the defendant. In the hands of the plaintiff it would remain the same lien and for the same amount. The lien upon the real estate would not be affected by the action. (*The Knickerbocker Life Ins. Co.* v. *Clark*, 22 Hun, 506.)

We are, consequently, of the opinion that it is not, within the provisions of the section, a local action, and that the motion was

properly disposed of by the Special Term. The order should, therefore, be affirmed, with ten dollars costs and disbursements.

BRADLEY, ANGLE and CHILDS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.