Bischoff, J.
The question presented to us on this appeal is one affecting the validity of the judgment appealed from, for want of authority in the court below to render it.
Defendant is a corporation organized under the laws of New Jersey, hence a foreign corporation within the *432 meaning of the Code (Code Civ. Pro. § 3343, subd. 18). Plaintiff, at the time of instituting this action, was and continued to be a resident of the same State. These facts having conclusively appeared, upon the close of plaintiff’s, direct evidence, defendant protested against further procedure in the action, and asserted that the trial court was-without jurisdiction to determine the controversy in suit upon the merits. A motion to dismiss the complaint was-denied, and upon failure of defendant to challenge the facts appearing in support of plaintiff’s claim, the court, directed a verdict in favor of the latter.
To each of these rulings defendant duly excepted and either exception sufficiently raises the question of jurisdiction.
Pursuant to the provisions of the Code of Civil Procedure (§ 1780), the courts of this State are divested of all authority to entertain actions brought therein against a foreign corporation by a non-resident or another foreign corporation, unless it is sought thereby to recover damages, for breach of a contract made within this State, or the action relates to property within this State when the contract was made, or unless such actions are brought to recover real property within this' State, or a chattel replevied therein, or the cause of action shall have arisen within this State, and the object of the action is not to affect the title to real property beyond its territorial limits. These-restrictions present conditions upon the existence of which the power of the court to determine the action is dependent, and acts in disregard thereof are without jurisdiction and of no effect (Davidsburgh v. Knickerbocker Life Ins. Co., 90 N. Y. 526).
The particular restrictions to be considered on this appeal have been determined to have such effect in Robinson v. Oceanic Steam Navigation Co. (112 N. Y. 315), and the court of appeals also sanctions the contention of appellant’s counsel that this effect cannot be impaired, or the authority of the trial court enlarged, by consent of *433 the parties or the omission to object to its jurisdiction by-answer or demurrer, but that the objection may be made at any time, and that whenever any jurisdictional fact is wanting it becomes the duty of the court to dismiss the action ex mero motu.
It appears inferentially from the evidence that the contract for the hire of teams by plaintiff to defendant was made in New Jersey, but, were all evidence concerning the place where the contract was entered into wanting, the fact that both parties were residents of New Jersey at the time would presumptively determine the place as being within that State. Plaintiff was concededly a resident of New Jersey, and defendant’s residence is, in contemplation of law, within the bounds of the sovereignty which created it (Plimpton v. Bigelow, 93 N. Y. 592).
Defendants having contractually assumed the obligation to pay for the use of the teams in New Jersey, the presumption is, in the absence of evidence tending to show that a different place was agreed upon for the purpose of payment, that such payment was to be made in the same State (Wharton on Contracts, vol. 2, § 372; Lawsons Rights, Remedies and Practice, vol. 5, p. 4142; Smith v. Smith, 25 Wend. 405 ; Hale v. Patton, 60 N. Y. 233). It is important to bear these facts in mind in determining where plaintiff’s cause of action arose.
Apparently appreciating the. force of defendant’s objection to the jurisdiction of the trial court, plaintiff’s counsel sought to overcome its fatality to the maintenance of the action by recalling plaintiff and eliciting from him the further fact that the teams were largely employed by defendant in the carriage of goods within the territorial limits of the State of New York, and he thereupon urged with some degree of confidence that the jurisdiction of the court was thus sustained. Recurring, however, to the provisions of section 1780, Code of Civil Procedure, it will be seen that the action was maintainable only provided the contract was made within the State of New *434 York, the contrary of which, as we have shown, was the fact, or that the cause of action arose therein; hence it was quite immaterial where the teams hired by the defendant were employed by it.
A cause of action arises “ when that is done which ought not to have been done, or that is not done which ought to have been done ” (Hibernia National Bank v. Lacombe, 84 N. Y. 367, 384 ; Toronto General Trust Co. v. Chicago, Burlington & Quincy R. R. Co., 32 Hun, 190), and in the predication of the right to institute and maintain an action this act of commission or of omission is the essential and determining fact. No right of action exists without a cause of action, and every cause of action necessarily implies a right of action for its prosecution. Each derives its life from the other and their presence is therefore interdependent. As regards a contract the cause of action is the breach in the fulfillment of the obligation which it imposes, and until the accrument of a right of action by the breach no cause of action is existent. Defendant’s breach of contract was its failure to pay the sum agreed to be paid for the teams hired of the plaintiff, and as it was not bound to payment elsewhere than in New Jersey, the breach occurred and the cause of action arose in that State.
For the reasons above mentioned, we are constrained to hold that the facts which appeared upon the trial were insufficient to authorize the trial court to render the judgment appealed from, and it must be reversed, but, as plaintiff may be able to cure the jurisdictional defects by further evidence, a new trial should be accorded him.
Daly, Ch. J., concurred.
Judgment reversed and new trial granted, with costs to abide the event.
*435 Note on the Question What is to be Deemed the Place Where the Cause of Action Arose.
The question what is to be deemed the place where the cause of action arose, may be presented for either of several purposes : it may be presented as affecting the jurisdiction of a local court, as in case of the superior city courts in actions other than those affecting real property (Code Civ. Pro. § 263, subd. 2 and subd. 7), it may be presented as affecting the jurisdiction of the supreme court as well as any other court, of an action brought by a foreign corporation or a non-resident against a foreign corporation (§ 1780), and it may be presented as affecting the question of the proper place of trial in an action in the supreme court ■(§ 983), and, where several causes of action require different places of trial, the misjoinder may be objected to on the pleadings (§ 484).
Whenever the situation of persons or property has reached such a condition as to justify invoking the judicial power by an action, a cause of action is said to have arisen. If this justiciable condition is produced by a single act, as for instance an assault,—the time and the placeare inherent in the act itself, and proving the latter in detail proves both former. It makes no difference in such case that subsequent events at the same or at another place enhance or mitigate the damages. The time and place of accrual are fixed at the outset, subject only to the principle that a continuing wrong may be deemed in some cases a continually accruing succession of causes of action (see note on ihe time when a cause of action accrues, in 26 Abb. N. C. 3). If the justiciable ■condition is produced by a succession of events, each necessary to the resulting condition, as in the case of a contract made by defendant and subsequently broken by him, it is clear that the time of accrual is fixed by the latest of these necessary events.
Before going further, however, it is worth while to notice a consideration of justice which introduces some anomaly. In those classes of cases where a plaintiff must perfect his cause of action by some affirmative step on his own part,—such as a demand required by the terms of his contract, or a notice or presentation of claim against a municipality,—the act is a part of his cause of action within the rules of pleading and proof; and an action commenced before he has done the act is premature : but the act is not necessarily a part of his cause of actioq for the purposes of the statute of limitations because he otherwise *436 might intentionally delay it till after defendant’s evidence as to the principal transactions had been lost. Bearing-this subordinate question in mind, as occasionally changing what otherwise would be our conclusion, let us consider the cases on the question, particularly with reference to actions on contract.
1. Some refer to the place where the contract was made.
2. Others to the place where the consideration was furnished.
3. Others still,—and this is the prevailing test,—to the-place where the breach occurred.
There are divergent authorities as to where the breaclt should be deemed to occur, some holding :
(a.) That the breach arises at the place where defendant is when he refuses.
(b.) The place of refusal, or where plaintiff is notified of defendant’s refusal.
(c.) Where defendant should have performed, but did not.

Notes of Cases.

1. Former reference to both contract and breachi.] Sichel Borch, 2 H. & C. 954; s. c., 33 L. J. (Ex.) 179. The defendant, a, Norway merchant, drew, indorsed and sent by post, to a London merchant, a bill of exchange payable in London, and which was indorsed to the plaintiff and dishonored.—Held, that the cause of action did not arise in England and consequently plaintiff could not proceed against the non-resident defendant under the 19th section of the Common Law Procedure Act of 1852.
Pollock, C. B., said: “It has been laid down in analogous matters that the term ‘ cause of action ’ means the whole cause of action. Here the cause of action is the contract and the breach of it. It does not follow that because the breach of contract took place in this country the cause of action arose within the jurisdiction of the superior courts. We must take into consideration the contract of which there has been a breach. The contract strictly-speaking was neither in Norway or England. No doubt, so far as one of the parties was concerned, it was in England, but so far as the other party was concerned it was in Norway; therefore it was. in neither one country or the other.”
Followed in Allhusen v. Malgarego, L. R. 3 Q. B. 340.
[These cases are disapproved in Durham v. Spence, L. R. 6 Ex. 46.]
2. Present rtde referring to place of breach ; negotiable paper.] Durham v. Spence, L. R. 6 Ex. 46. The writ in an action for *437 breach of promise was served abroad under the following circumstances : The defendant, whilst resident at the Cape of Good Hope, promised to marry the plaintiff, who was a resident of Calcutta. After the defendant’s return to England he wrote a letter to the plaintiff, who was then in England, renouncing the contract. The English Statute, 15 & 16 Vict. c. 76, § 18, provides that a writ may be served abroad when the court is satisfied by affidavit “ that there is a cause of action which arose within the jurisdiction, or in respect of the breach of contract made within the jurisdiction.” Held, that the motion to set aside the writ on the ground that the cause of action did not arise within the jurisdiction should be denied.
Cleasby, B., says : “ I cannot avoid the conclusion that a cause •of action arises where that takes place which first makes a cause of action; the contract does not make the cause of action; but a cause of action does arise when and where the person who has •entered into the contract does, or omits to do that which gives a cause of action.” [Following Jackson v. Spittal, L. R. 5 C. P. 542, and disapproving Sichel v. Borch, 2 H. & C. 865; s. c., 33 L.J. (Ex.) 179; and Allhusen v. Malgarego, L. R. 3 Q. B. 340.]
3. Chapman v. Cattrell, 3 H. & C. 865 ; s. c., 34 L. J. (Ex.) 186. The defendant, a British subject resident in Florence, there signed promissory notes and sent them to London, where they were delivered to the payee. Held, that the cause of action arose upon the delivery of the notes, and therefore the defendant could be proceeded against in England as a non-resident.
4. Foreign draft on domestic drawee.] Hibernia National Bank v. Lacombe, 84 N. Y. 367. A cause of action for the nonpayment of a draft drawn in another State, on New York bankers, by a foreign corporation, to the order of another foreign corporation, arises in New York. To the same effect, Bank of Commerce v. Rutland & Washington R. R. Co., 10 How. Pr, 1; and cases 6 and 9.
5. Cantwell v. Dubuque West. R. R. Co., 17 How. Pr. 16. Where a note was made at the office of the defendants in the State of Iowa, and was payable at the bank of New York, held, that the cause of action did not arise in this State for the cause of action was the contract not the breach. [Citing Western Bank v. City Bank of Columbus, 7 How. Pr. 238.]
Overruled by Hibernia National Bank v. Lacombe, 84 N. Y. 367.
6. Foreign award on domestic contract.] Campbell v. Champlain & St. Lawrence R. R. Co., 18 How. Pr. 412. An award determining what was due upon a contract, the award having been made upon submission of the controversy to arbitrators in Canada, by the terms *438 of the submission payable there, is a foreign debt, and not a cause-of action arising in this State, although the contract was to be partly performed in this State.
7. Foreign loan, and domestic security.] Western Bank v. City Bank, 7 How. Pr. 238. Where a loan is made by one non-resident to another, out of this State, and secured by a draft drawn upon a person residing within this State, the cause of action cannot be said to have arisen in this State.
[Bank of Commerce v. Rutland & Washington R. R. Co., 10 How. Pr. 1, 10, distinguishes the above case on the ground that the. action was upon the loan.]
8. Contract to pay price for property elsewhere, signed elsewhere, notwithstanding duplicate signed within the jurisdiction.] Alderton v. Archer, L. R. 14 Q. B. D. 1 ; s. c., 45 L. J. Q. B. 12 ; 33 W. R. 136; 51 L. T. 661. Prohibition against an action in the mayor’s, court of London for the balance of the purchase money due upon the sale of a business carried on in Surrey. The purchaser signed the written agreement for the sale in the County of Middlesex.— Held, it appearing that the contract was complete upon the purchaser’s signing, that no part of the cause of action arose in London, notwithstanding the plaintiff, the vendor, had subsequently signed a duplicate agreement in London; hence the mayor’s court had. not jurisdiction, and prohibition should issue.
9. Foreign coupon bonds expressly payable here, a cause of action-here.] Conn. Mut. Life Assurance Co. v. Cleveland, &c. R. R. Co., 23 How. Pr. 180. Action upon bonds and coupons executed in another State and payable in this State.—Held, that the cause of action arose here, and the court had jurisdiction, although both, parties were foreign corporations.
Followed in Conn. Mut. Life Assurance Co. v. Cleveland, etc. R. R. Co., 41 Barb. 9.
10. Foreign bill of lading for delivery here.] Robertson v. National Steamship Co., 14 N. Y. Supp. 313. A cause of action upon a bill of lading issued in a foreign country for injuries to-goods which were to be transported to New York, arises in New York; and such action may, therefore, be maintained by a nonresident against a foreign corporation.
11. Foreign life policy to resident dying here.] Griesa v. Massachusetts Ben. Association, 39 State Rep. 1 ; s. c., 15 N. Y. Supp. 71. In an action between an non-resident and a foreign corporation,—Held, that a cause of action on a policy of life insurance issued by a foreign corporation to a resident of this State, who dies *439 here, arises in New York. [Citing Fire Department v. Beecher, 99 N. Y. 429.]
12. —issued within the State, to non-resident dying within the State.] Fidelity Mutual Life Asso. v. Ficklin, Md. 1891, 21 Atl. Rep. 680. Action on a life policy. The plaintiff was a non-resident of that State and the defendant was a foreign corporation. The policy was issued in Maryland and all acts necessary to bind the defendant and to entitle the assured to the benefit of the insurance contract were performed there.—Held, that the cause of action arose in Maryland and the court had jurisdiction of the action under the Maryland statute (Pub. Gen. Laws, art. 23, § 297), providing that a non-resident may sue a foreign corporation when the cause of action arises within the State.
13. Rngagement within, for services without the country and wrongful discharge by mailing letters within the country.] Hamilton v. Barr, 18 L. R. Ir. 297. Action for a wrongful dismissal of an employee. Plaintiff agreed in Scotland to act as commission merchant for defendant in Ireland. After plaintiff had moved in Ireland defendant posted a letter to him in Scotland dismissing from his service. Held, that the breach of contract to not occur in Ireland so as to enable plaintiff to bring the action there by service without the jurisdiction.
The court say: “ I consider that the dismissal took place in Glasgow by posting of the letter in Glasgow. The dropping of the letter into the post-office there was, I think, the act of dismissal. I am of the opinion that the contract as to payment was not a contract to pay here; the defendant was not bound to come over to this country to pay the plaintiff; and in point of fact, the payments were either made in Glasgow on occasions when plaintiff happened to be there, or were made by checks on a Glasgow bank.”
To the same effect Mathews v. Alexander, 7 Ir. R. C. L. 575.
14. Foreign contract, consideration chiefly furnished here, and notice of refusal to perform given here.] Johnson v. Adam’s Tobacco Co., 14 Hun, 89. A cause of action on contract arises in this State, although the contract is made Canada, where the contract by its terms was to be performed in Canada or the United States and it is in fact mostly performed by plaintiff in the city of New York, and defendant committed the breach of the contract in New York by notifying plaintiff there that he would not perform.
r5- Right to compensation for maintaining office here and rendering services here and elsewhere.] Hiller v. Burlington & M. R. R. *440 Co., 70 N. Y. 223. Action for price of services. The plaintiff made a contract with the defendant, a foreign corporation, to procure Mennonites, who were expected to emigrate to this country from Russia, to purchase and settle upon defendant’s lands in Nebraska. He was also bound during the entire term of his engagement to maintain an office in New York, and also to go to Europe for two or three months to arrange for the emigration. With the above exceptions the contract specified no place where the service was to be performed by plaintiff.—Held, that it was to be inferred that the principal duties of plaintiff were to be performed in New York, since he was obliged to maintain an office there, and that, therefore, the cause of action must be regarded ás arising in this State.
16. Payment impliedly due within the country of contract for machinery erected abroad.] Robey v. Snaefell Mining Co., 20 Q. B. D. 152; 57 L. J. Q. B. 134. On an application to allow service of process out- of the jurisdiction, it appeared that the action was brought by English engine-makers for the price of machinery erected in the Isle of Man, for defendants, who carried on business there.—Held, that in the absence of any express agreement as to the place of payment, it was to be presumed that payment was to be made in England, and that, therefore, service out of the jurisdiction might be allowed,as the action was founded upon a breach of contract within the jurisdiction.
The court say: “ There was no definite agreement as to where the money was to be paid. We think that so far as regards the question of jurisdiction the contract was to be executed within the jurisdiction, and that the debtors having to pay for the goods it was their duty to send or bring the money to the creditors.”
17. Stipulation to indemnify against foreign lighterage.] Bell v. Antwerp, etc. Line, 64 L. T. 276 ; 39 W. R. 84 (C. A.) Where a foreign company chartered a ship, from English shipowners, to take a cargo from London to a foreign port; and by the terms of the charter party it was stipulated that the charterers shóuld indemnify the shipowners from all lighterage at the port of discharge ; but no place was specified where the indemnity should be paid.—-Held, in an action to recover such indemnity, that the contract was not one which ought to be performed within the, jurisdiction, and therefore leave to serve notice of the writ out of the jurisdiction could not be given.
Lord Esher, M. R., said: “ Where there is no place named for payment of a debt, I think the debtor is bound to pay the *441 creditor on demand; though it is true that where the contract does not make a demand previous to action, a condition precedent, the creditor need not demand his debt otherwise than by bringing his action. . . . Where a debtor is bound to pay his creditor on demand, the creditor need not demand his debt at the debtor’s place of business or dwelling-house, or any particular place, he may demand payment from his debtor wherever he may find him. Wherever he finds the debtor and demands his debt, the debtor is bound to pay him then and there. Payment of the debt has not to be made in any specified place, but may be anywhere.
18. Foreign charier party, and domestic demurrage.] Slade v. Noel, 4 F. & F. 424. On a charter party made abroad for a right delivery at a port in England, held, that a cause of action for demur-rage there arose within the jurisdiction.
19. Covenant for title deemed personal, and breach deemed to arise where covenantor was.] Clark v. Eddy, (Wash. Co. C. P. Ohio) 22 Cinn. L. Bul. 66 (July 29, 1889). Action in Ohio on a covenant of warranty of title of lands situated in Illinois. Both the grantor and grantee were residents of Ohio.—Held, that the cause of action arose in Ohio, and hence the provision of the Ohio statute of limitations (R. S., § 4990); to the effect that “ if by the laws of the state or country where the cause of action arose the action is barred, it is also barred in this state,”—did not apply.
The court say; “ The breach of a contract by which a party is obligated to do a certain thing that he fails to perform is certainly a personal act though of a negative kind. Hence if the act is a wrong and the wrong be a cause of action the latter arose where the person was when the breach occurred.
20. Penalty on disqualified person deemed to accrue where he should have qualified^] Fire Department v. Beecher, 99 N. Y. 429. Under L. 1875, c. 465, as amended by L. 1876, c. 359; L. 1879, c. 153,—imposing a penalty upon the agent of a foreign insurance company who effects or procures an insurance against fire upon property within the limits of a city or village without first giving a bond to the treasurer of the fire department of the municipality conditioned for the payment to such treasurer of a percentage of the premiums received,—the cause of action so given arises in the municipality; it is immaterial where the contract of insurance was actually signed.
21. Penal liability, for false report, and debt incurred elsewhere.] Veeder v. Baker, 83 N. Y. 156. Motion to change the place of trial. *442 The action was brought against the officer of a corporation to. recover a debt of the corporation on the ground that the officer had filed a false report.—Held, that the action being penal, it must, under Code Civ. Pro. § 983, be tried in the county where it arose and that it arises in the county where the false report is filed,, although the debt against the company may have originated in another.
The court say: “ Jurists have found much difficulty in precisely defining a cause of action (Pomeroy on Remedies, § 452). It may be said to be composed of the right of the plaintiff and the, obligation duty or wrong of the defendant; and these combined it is sufficiently accurate to say constitute the cause of action. Here the false report, the wrong of the defendant, gives the plaintiff the right to enforce the penalty. It is true that in a suit to recover the penalty the plaintiff to sustain his action must prove not only the false report but the debt against the company. This is so. because the statute imposes no specific penalty for its violation. The debts are the measure of the penalty and they must be proved for that purpose.
22. Specific performance of English contract to transfer stock iitEnglish corporation, are English catise of action, against a nonresident.] Reynolds v. Coleman, 36 Ch. D. 453; 56 L. J. Ch. 903. A resident of England brought an action against a person resident in America for the specific performance of a contract made in England for the transfer of certain shares of stock in an English; company.—Held, that the contract contemplated performance in England and that there was jurisdiction to order service abroad under Order XI, r. 1, sub-sect. E, although the contract did not express in terms that it was to be performed within the jurisdiction.
23. Accounting between resident and non-resident under agreement' made here for partnership situated abroad.] Burckle v. Eckhart, 3 N. Y. 132. Suit for an accounting in the fifth circuit. The complainant entered into a partnership agreement in this State (within the fifth circuit) with defendants, who resided in Canada, by which complainant agreed to manufacture flour to be delivered to defendant in Canada, who were to dispose of it there and account, for the net profits.—Held, it being implied from the terms of the contract that the business was' to be transacted in Canada, the balances ascertained and profits divided there, that the cause of action arose in Canada, and that as it did not, therefore, arise within the fifth circuit, the court did not have jurisdiction.
[Clark v. Eddy, 22 Cinn. L. Bul. 66, in holding that the cause. *443 of action arises, not where the contract is to be performed but where the party committing the breach resides at the time of the breach, attempts to reconcile Burckle v. Eckhart, 3 N. Y. 132, on the ground that in that case the place of performance and residence of the defendant was the same.
24. Relief against fraud.] Cumberland Coal and Iron Co. v. Hoffman St. C. Co., 30 Barb. 159. By fraudulent representations and collusion perpetrated in this State, a foreign corporation was induced to convey to another foreign corporation land situated in another State.—Held, in an action to set aside the conveyance for the fraud, that the cause of action did not arise in this State, as the wrong consisted in the withholding of the land, and that the court did therefore not have jurisdiction.
[Query, there should be any difference recognized between a case where the fraud consisted only in the inducing the execution of the instrument, so that it might be regarded as void at common law, and the wrong might be said to be in the retaining of the property, in a direct sense, and on the other hand a case where the fraud consisted in inducing the entering into the contract, and the instrument would be only voidable, and the primary relief sought would be the annulling of the instrument, in order to the recovery of the property.]
25. Fraudulent transfer in this State by foreign trustee, of foreign, stock.] Toronto Trust Co. v. Chicago, B. & Q. R. R. Co., 32 Hun, 1 go. A trustee transferred stock of a foreign corporation through the corporation’s transfer agent in New York. Subsequently, a foreign corporation was appointed to succeed the trustee. In an action by it, to set aside the transfer on the ground that the transfer agent knew at the time he made it that the trustee had no authority, held, that although both plaintiff and defendant were foreign corporations, the court had jurisdiction, as the cause of action arose in this State.