### STRAWN v. EDWARD J. BRANDT-DENT CO.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. JURISDICTION—NONRESIDENT PLAINTIFF—FOREIGN CORPORATION—CONTRACT OF EMPLOYMENT.

Plaintiff, a nonresident, was employed by defendant, a foreign corporation, under a five-year contract as superintendent of agencies with headquarters in this state, and with authority to establish agencies throughout the United States. His compensation was a percentage of the gross receipts from all sales in the territory, whether made through him or his agents or otherwise, and the contract provided for a monthly adjustment of the business done. At the end of three years defendant terminated the contract, there being one month's commissions due plaintiff. *Held*, that a cause of action therefor "arose within the state," within the meaning of Code Civ. Proc. § 1780, subsec. 3, giving the state courts jurisdiction of actions by nonresidents against foreign corporations "when the cause of action arose within the state."

2. PLEADING—CURE OF DEFECTS.

When the complaint in such case showed that plaintiff's office was in the city of New York, and that his contract embraced that state, a defect therein, consisting of failure to allege specifically what proportion of the services were to be and were performed in the state, was cured by evidence thereof, without the objection that it was not pleaded.

3. APPEAL—REVERSAL—RESTORATION OF VERDICT.

Where, on appeal from a judgment dismissing a complaint pursuant to an order setting aside a verdict for plaintiff for want of jurisdiction, there is evidence sufficient to sustain the verdict, and no error prejudicial to defendant appears, the court will, on reversal, restore the verdict, with leave to plaintiff to enter judgment thereon.

Appeal from trial term, New York county.

Action by Winfield S. Strawn against the Edward J. Brandt-Dent Company to recover compensation under a contract of employment. From a judgment dismissing the complaint pursuant to an order made at trial term setting aside a verdict in favor of plaintiff, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P, J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Lloyd M. Howell, for appellant.
Ernest E. Baldwin, for respondent.

LAUGHLIN, J. This is an action to recover commissions for the month of January, 1901, on the sale of automatic cashiers manufactured by defendant. The action is based on a contract in writing by which the plaintiff was employed as superintendent of agencies, with headquarters in the city of New York, and with authority to establish agencies throughout the United States; the compensation agreed upon for his services being a percentage of the gross receipts upon all sales in the territory, whether through him or his agents or not, and he being obligated to pay the subordinate agents therefrom. The defendant is a foreign corporation, organized under the laws of the state of Wisconsin, with its principal place of business in the city of Watertown, in that state. The plaintiff's employment by defendant commenced on the 1st day of January, 1898. He was then a resident of Ohio, but he subsequently moved to New Jersey, and resided there when this action was commenced, and during the period for which he seeks to recover commissions. The defendant, by answer, duly raised the jurisdictional objection.

At the close of plaintiff's case the defendant moved for a nonsuit, and upon its motion being denied rested the case without introducing any evidence. Both parties thereupon moved for a direction of a verdict, and neither asked to go to the jury upon any question of fact. The court thereupon directed a verdict in favor of the plaintiff for the amount of his commissions. The order setting aside the verdict and dismissing the complaint was made upon defendant's motion for a new trial upon the minutes, and it recites that it was granted upon "the ground that the court did not have jurisdiction to hear or determine the issues in this action." By the provisions of section 1780 of the Code of Civil Procedure, the jurisdiction of the courts of this state over an action brought by a foreign corporation against a foreign corporation or by a nonresident is limited to certain classes of cases therein specified. One of the cases in which jurisdiction may be exercised is "where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state." Subdivision 3, § 1780, Code Civ. Proc. This is the only provision under which it is claimed that jurisdiction was acquired. The contract was for five years, but defendant attempted to terminate it in February, 1901, whether lawfully or not has not been litigated, and is not material. It was shown that from and after the 6th day of January, 1898, the plaintiff was in charge of defendant's office in the city of New York, and spent from three-fourths to four-fifths of his time there. Some of the cash registers on the sale of which he claims commissions were sold in that city. The contract of employment provided for a monthly adjustment of the business done, and that had been the regular practice of the parties thereunder. No place of adjustment or payment was specified. Payment, however, had been made by draft from the home office sent by mail to the plaintiff in New York. After some correspondence the final adjustment of commissions for the month in question was made with defendant's president at the office in New York, after the plaintiff's connection with the defendant had been severed, and payment was

at the same time there demanded before the commencement of this action.

The cause of action arises where the contract is to be performed. Burckle v. Eckhart, 3 N. Y. 132; Connecticut Mut. Life Assur. Co. v. Cleveland, C. & C. R. Co., 23 How. Prac. 180; Robertson v. Steamship Co. (Super. N. Y.) 14 N. Y. Supp. 313. Where the contract is for services, the cause of action arises where it is contemplated the principal services are to be and are performed. Hiller v. Railroad Co., 70 N. Y. 223. Applying these principles to the facts of this case, it is clear that the cause of action arose in this state. Plaintiff's official headquarters, where most of his time was spent in the performance of his duties under the contract, was established in this state by direction of the defendant, pursuant to the express terms of the contract.

The complaint shows that the plaintiff's office was in the city of New York, and that his contract embraced this state. It was thus fairly alleged that some of the services were performed here. While the complaint should have been more specific as to what proportion of the services were to be and were performed here, yet we think that the motion to dismiss it on the trial at the opening for want of jurisdiction was properly denied. The defect was cured by the evidence which was received without the objection being taken that it was not pleaded. The complaint could now, for the purpose of sustaining the verdict, be deemed amended in that regard.

The only remaining question requiring consideration is whether we should restore the verdict or award a new trial. The evidence was sufficient to sustain the verdict, and our attention has not been called to any error upon the trial prejudicial to the rights of the defendant, and requiring a new trial. The judgment and order appealed from should be reversed, therefore, and the verdict reinstated, with leave to plaintiff to enter judgment thereon, with costs here and in the court below. All concur.

