### JACOB V. D. WYCKOFF, Respondent, *against* WILLIAM TAYLOR, Appellant.

(Decided June 7th, 1886).

In an action by a broker to recover commissions upon a sale of real estate, the complaint alleged an agreement between plaintiff and defendant whereby the former should have the sole and exclusive control, management and charge of the sale and disposition of the property, and that in violation of the agreement defendant himself effected the sale. *Held,* that upon the trial of the action it was error to refuse a request of the defendant to charge the jury that plaintiff could not recover unless the jury were satisfied from the evidence that defendant gave him the exclusive right to sell the property; and to submit to the jury the question whether plaintiff was the procuring cause of the sale.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Sidney H. Stuart,* for appellant.

*Henry Daily, Jr.,* for respondent.

BOOKSTAVER, J.—From the records of this court, it appears that the complaint was originally brought to recover commissions earned by the plaintiff in procuring the sale or exchange of certain flats in East Sixty-ninth Street, belonging to defendant. The original answer denies that plaintiff was the procuring cause of such sale.

On the trial of this issue the plaintiff was allowed to withdraw a juror, and subsequently he was permitted to amend his complaint, which he did by substituting an entirely different cause of action, to wit: an agreement between plaintiff and defendant whereby the former should have the sole and exclusive control, management and charge of the sale and disposition of the houses in question; that the defendant would not place them in the hands of any other broker or

agent for sale; that plaintiff would devote his especial attention and make special efforts to sell the houses; and that in consideration thereof defendant would pay plaintiff as his commissions two per cent. upon the amount realized; that he introduced said houses among others to J. B. Smith; and that in violation of the agreement defendant assumed control of the negotiations and himself effected the sale, to his damage, &c.

The answer admits that defendant commissioned plaintiff to sell the houses, and agreed to pay him two per cent. if he should effect a sale or exchange, and denies the other allegations of the amended complaint.

The defendant requested the court to charge the jury that "the plaintiff cannot recover unless the jury are satisfied from the evidence that the defendant gave him the exclusive right to sell the property," which was refused, and defendant excepted.

The court submitted to the jury two specific questions of fact:

1st. Did defendant agree that plaintiff should have the sole and exclusive control, management and charge of the sale or disposition of the property on Sixty-ninth Street, and that defendant would not place said property in the hands of any other broker or agent?

2nd. Was the plaintiff the procuring cause of the sale to J. B. Smith?

To the first of these questions the jury answered "no." To the second "yes;" and found a verdict for the plaintiff for $540, just one quarter of the amount demanded by him.

We think it was error in the court to refuse to charge as requested, and in submitting the second question of fact to the jury.

A careful examination of the pleadings shows there were but two issues raised by them: first, was there any agreement of the character alleged in the complaint; and second, if yea, was there a violation of the agreement?

The complaint tendered no issue involving the second question of fact, proceeding, as it did, on the theory that

there had been a certain agreement made between the parties, and seeking to recover for the breach of that contract, and not, as in the original complaint, on the theory of a contract and the performance thereof on the part of the plaintiff. Indeed, two such causes of action on the same contract could not be contained in one complaint, as they are inconsistent and mutually destructive of each other. One cannot be heard to say that the contract made with him has been broken by defendant so that plaintiff could not perform it, and at the same time that it has been fully performed.

The court was probably led into this error by defendant's counsel, who, at one time, as it appears from the record, admitted that the complaint seemed to contain two separate causes of action, and requested the court to compel the plaintiff to elect on which he would go to the jury. But he afterwards requested the court to charge as above stated, which it refused to do, and we think this was error, which should have been corrected on the motion for a new trial by granting the order, as an admission by counsel on the trial will not supply the lack of an essential allegation in a pleading (*Jackson* v. *Whedon*, 1 E. D. Smith 141).

We also think that even if otherwise proper there was not sufficient evidence to warrant the court in submitting the second question of fact to the jury. But, in view of the conclusion at which we have arrived on the question first discussed, it is unnecessary to state the grounds for this in detail, nor to examine the other questions involved in the case.

The judgment must be reversed and a new trial ordered, but in consideration of the fact that defendant's own admissions were probably the cause of the error, the costs must abide the event.

ALLEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.