## OHIO & MISSISSIPPI RAILWAY COMPANY
### v.
## THOMAS D. RAMEY.

*Railroads — Negligence — Flowage—Extraordinary Flood—Embank-ment—Maintenance of—Proximate Cause of Injury—Special Interrog-atories—Practice.*

1. It is proper to enter the general verdict in a given case without requiring the jury to return a special finding upon an interrogatory which did not submit a question that was controlling.

2. In an action to recover from a railroad company for injury to grow-ing crops, alleged to have occurred through its negligence, this court *holds:* That the jury were justified in finding that its embankment and not an extraordinary flood caused the damage in question, and declines to interfere with the verdict for the plaintiff.

[Opinion filed February 2, 1891.]

APPEAL from the Circuit Court of St. Clair County; the Hon. W. H. SNYDER, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

The statute which provides for special verdicts (3 Starr & C. Ill. Stats., p. 435) contains the following section, viz.:

Section 2. "Submitting or refusing to submit a question of fact to the jury, when requested by a party, as provided by the first section hereof, may be excepted to and be reviewed on appeal or writ of error, as a ruling on a question of law."

Now, the failure of the court to require an answer to an interrogatory submitted, is tantamount to a refusal to submit the interrogatory. City of Wyandotte v. Gibson, 25 Kas. 236.

The failure of the jury to answer the interrogatory is equiva-lent to an answer that they were "unable to agree," which leaves the verdict so incomplete as to require the jury to be discharged. Kas. Pac. R. Co. v. Reynolds, 8 Kas. 623.

Even where answers are made, but are not full, or respon-sive or clear, upon proper objection the court is bound to require the jury to properly answer the same. Noble v. Enos, 19 Ind. 72; Nockes v. Morey, 30 Ind. 103; McElfresh v.

Guard, 32 Ind. 408; Sage v. Brown, 34 Ind. 464; Reeves v. Plough, 41 Ind. 204.

If the question be a proper one and has been submitted, and the statute render it obligatory upon the court to submit the question to the jury when requested, the court can not withdraw it for any reason. Otter Creek Block Coal Co. v. Raney, 34 Ind. 329; Summers v. Greathouse, 87 Ind. 205; Duesterberg v. State ex rel. City of Vincennes, 116 Ind. 144.

. Mr. JAMES M. HAY, for appellee.

Secs. 2, 3, Starr & C. Ill. Stats., p. 435, are not infringed, because the court submitted the question of fact requested by appellant; and the court's refusal to require the jury to answer the question, or to grant a new trial, was, in the judgment of the court, unnecessary and improper, as the verdict was just and abundantly supported by the evidence and the law.

"The provision of the statute  *· *  * necessarily implies that the fact to be submitted shall be one which, if found, will in its nature be controlling." "A fact which merely tends to prove a fact in issue, without actually proving it, can not be said to be, in any legal sense, inconsistent with the general verdict, whatever that may be." .The Chicago & North-Western R. R. Co. v. Dunleavy, Adm'x, 129 Ill. 132.

Now, because this was an extraordinary rain-fall, although not heavier than had visited the region in which this occurred many times before, it does not disprove the fact that the filling up of the trestle, the outlet south, for the surplus water, was the cause of the damage to the crops of appellee.

In building bridges and culverts, railway companies are bound to anticipate and provide against "not only the natural rise and fall of the waters during the year, but also the floods and freshets which occur at longer periods or intervals, and which, from having been known to occur, might reasonably be expected to occur again." Bochhardt v. Boom Co., 54 Wis. 107 ; Gray v. Harris, 107 Mass. 492 ; Railroad Co. v. Carr, 38 Ohio St. .448.

The identical question has been before this court, at the August term, 1889, in the cases of Charles A. Singletary and Elliot against the Ohio & Mississippi Railroad Company,

appellant, and also the same witnesses in all the cases. See 34 Ill. App. 425. In the case of Elliot, the precise question as to the extraordinary character of the rain-fall in June, 1888, was passed upon by this court. Miller, Ramey, Hoeltman and others speak of other rain-falls previous to this, in their opinion, as heavy as the one of June 16, 1888. They also testify that, for years before, the farmers and owners of land lying north, informed the appellant that they were being injured by the appellant having filled up the trestle, thereby causing and forcing the surplus water to overflow their lands, and that it must be remedied. They perceived that year by year their farms were becoming more and more liable to be damaged by reason of the increasing obstructions placed by appellant across the natural outlet of the floods. The appellant took its choice, and maintained and increased its obstructions year after year, thereby saying to the proprietors of lands north, it would assume all damages caused by its damming up the channel. The floods descended, and with them the damages to the property of appellee. Is the appellant surprised, or has it reason to be surprised, at the result of its acts?

GREEN, J. This suit was brought to recover damages resulting from the maintaining of an embankment obstructing the natural flow of water and forcing it back and over the land of appellee, destroying his crops growing thereon. The jury found appellant guilty of the negligence charged, and assessed the damages at $700, for which amount judgment was entered. Two grounds for reversal are suggested. First, it is insisted the solid embankment maintained by appellant was not the proximate cause of the overflow complained of, but that it was caused by an extraordinary flood; second, that it was error in the court below to receive and enter the general verdict without requiring the jury to return a finding upon the following interrogatory submitted to them by the court at the request of appellant: "Was the plaintiff's damage which is complained of, the direct result of an extraordinary rain-fall of June 16, 1888?" The evidence upon the question of the character of the rain-fall at that date was conflicting, several witnesses testifying there had been as heavy

rains in that locality in prior years. The jury had sufficient evidence to justify the finding that the embankment, and not an extraordinary flood, caused the water to back up and overflow the crops of plaintiff; hence, the first point suggested is not sustained by the record. The interrogatory presented for a finding an evidentiary and not an ultimate fact. The jury by answering this interrogatory in the affirmative, would not necessarily thereby have returned a special finding in conflict with their general verdict, nor a finding concluding the plaintiff and defeating his right to recover. It might be conceded an extraordinary rain-fall of June 16, 1888, directly damaged plaintiff by overflowing and destroying his crops, and yet but for the negligence of appellant in maintaining a solid embankment unprovided with suitable and proper outlets or culverts, for the passage of the water in its natural course when heavy rains occurred, the water on June 16th might have flowed off and not have backed up and overflowed plaintiff's crops. The evidence established the fact that the embankment was a solid structure, without an opening, and absolutely dammed the water and prevented it from flowing off in its natural course, as it did before the obstruction was erected. The interrogatory did not submit a question to the jury that was controlling and it was not error to enter the general verdict without requiring the jury to return a special finding. C. & N. W. Ry. Co. v. Dunleavy,' 129 Ill. 132. The evidence justified the verdict. The jury were fully and very favorably instructed for appellant and no reason appears why the judgment should be reversed. It is therefore affirmed.

*Judgment affirmed.*