## CHARLESTON.

MARTIN et al. v. OHIO RIVER R'D CO.

Submitted June 9, 1892.—Decided December 17, 1892.

1. EJECTMENT—CONDITION SUBSEQUENT.

The action of ejectment is the proper remedy to recover real estate which has been granted by a deed containing a condition subsequent, upon a failure to perform which the estate of the grantee is to determine.

2. EJECTMENT—CONDITION SUBSEQUENT.

At common-law it was necessary for such a grantor to re-enter upon the estate in order to work a forfeiture; but in this State the necessity for re-entry has been abolished by section 16 of chapter 93 of the Code (1891).

3. VERDICT—SURPLUSAGE.

Where a verdict contains matter of fact, which is immaterial and not responsive to the issue, such matter may be rejected as surplusage; and the verdict shall stand if the remaining portion is responsive to the issue and not open to any further objection.

V. B. ARCHER for plaintiff in error cited Code, c. 90, ss. 20, 22. 5 W. Va. 204; 26 W. Va. 225, 229; 28 W. Va. 715, 623–725; Hutch. Land Tit. § 476; 23 W. Va. 109.

ROBERT MCELDOWNEY for defendants in error.

I.—*In regard to estates upon condition.*—2 Min. 227, 229; 9 Am. Dec. 599; 19 Am. Dec. 515; 34 Am. Dec. 725; 34 W. Va. 49.

II.—*As to mode of re-entry, and showing ejectment to be proper remedy.*—4 Geo. II, chap. 29; Code c. 93, s. 16; 10 Leigh, 170; 8 W. Va. 373; 13 W. Va. 12; 34 W. Va. 725; 2 Min. 238-9.

III.—*As to forfeitures.*—Sedgwick and W. on Titles, §§ 368, 264.

IV.—*As to defendants rejected plea.*—Code, c. 90, s. 20 ; 5 W.
Va. 204; 8 W. Va. 373.

V.—*When both parties claim under a common source.*—32 W.
Va. 600.

VI.—*As to breach and right to recover*—6 Gratt. 724; 24
Gratt. 676.

VII.—*As to widows right to recover dower.*—Code, c. 65, s. 10 ;
Id. c. 90, s. 1; Scrib. Dow. 34, 109 ; 2 Min. 160.

LUCAS, PRESIDENT :

On the 25th day of March, 1884, S. R. Martin and C. C.
Martin as the heirs at law, and Eliza Martin as the widow,
of B. F. Martin, executed and delivered to the Ohio River
Railroad Company a deed for a lot containing one acre,
more or less, situated near the railway station of the said rail-
road, near the town of New Martinsville, in the county of
Wetzel. The deed of conveyance, which was duly executed
and recorded, contained sundry covenants, the performance
of which on the part of the railroad company constituted
the only consideration which it was to pay for the lot.
There was likewise a covenant or condition of defeasance,
to the following effect : " And if the said party of the sec-
ond part shall fail to keep and perform any of the said
covenants, then its right, title, interest and claim in and to
said property shall wholly cease and determine, and there-
upon the said parties of the first part, their heirs and as-
signs may re-enter and be possessed as of their former
estate." Under this deed the railway company went into
the possession of the premises, and this suit was brought to
dispossess it.

The declaration embraced three counts—the first on be-
half of S. R. Martin and Eliza Martin, the second on be-
half of S. R. Martin alone, and the third on behalf of Eliza
Martin alone. The declaration was demurred to as to each
and every count, and the demurrer was sustained as to the
first and second counts and overruled as to the third.

An amended declaration was filed at rules, in which S.
R. Martin and C. C. Martin, heirs at law of B. F. Martin,
were the plaintiffs. In the first count they claimed the fee
simple as their joint property ; in the second count S. R.

Martin claimed the fee simple in one undivided half; and in the third count C. C. Martin claimed a like interest. Eliza Martin, the widow, was not mentioned in this amended declaration at all.

The defendant appeared, and entered a plea of not guilty, and issue was joined thereon. Defendant, in connection with said plea, offered to file a notice of an equitable defence under sections 20, 21 and 22, of chapter 90 of the Code. Along with its notice and as a part thereof it filed the deed of March 25, 1884, above described. The Circuit Court not regarding the defence proposed to be set up as equitable, but regarding it as a legal defence, refused to permit the defendant to file its notice; and this is assigned as error.

We may dispose of this assignment at once by observing that the statute was intended to cover executory contracts and not absolute deeds of conveyance; and that the matter is wholly immaterial, since the plaintiffs would have a right to waive notice and did fully and entirely waive the same, when they introduced said deed as a part of their own case.

After the plaintiffs had offered all of their testimony, the defendant requested the court to exclude it from the jury, but the court declined; and the defendant rested its case there, interposing no defence whatever. The jury gave a verdict for the plaintiffs, and the defence moved to set it aside and grant a new trial, which motion was overruled, and exception was taken.

The defendant excepts further to the action of the court in refusing to give the following instruction: "The jury are instructed that if they believe from the evidence that the plaintiffs sold the land in controversy to the defendant by a writing stating the purchase of said land and the terms thereof, and that the said writing is signed by the plaintiffs or their agent, then they should find for the defendant."

The verdict of the jury found not only for the plaintiffs S. R. Martin and C. C. Martin, but proceeded further to "find for the plaintiff Eliza Martin, and against the defendant, and that she is possessed of a life-estate or dower in the above-described premises." This finding in favor of

Eliza Martin is assigned as error, upon the ground that she was no party to the proceeding, because she did not unite in the amended declaration, and because the evidence showed no assignment of dower to her.

We will proceed to consider first the refusal of the Circuit Court to exclude the evidence; and this will involve the question of the plaintiffs' right to recover. There can be no doubt that ejectment is the proper remedy to recover real estate which has been leased or granted by a writing containing a condition subsequent, upon a failure to perform which the estate of the grantee is to determine. Tyler, Ej. 301. When lands are conveyed with certain conditions imposed, and the grantor reserves the right to re-enter for condition broken, such grantor or his heirs may maintain ejectment to regain possession. Id. 179, 180. *Jackson* v. *Topping*, 1 Wend. 388; *Bowyer* v. *Seymour*, 13 W. Va. 12; *Mercer Academy* v. *Rusk*, 8 W. Va. 379.

Upon this subject, Mr. Tiedman says, in regard to the effect of the breach of a condition: "If it is a condition precedent, the failure to perform will prevent the estate from taking effect, but, if it is a condition subsequent, the estate is defeated only at the election of the parties who can take advantage of the breach. At common-law it is necessary for such a party to enter upon the estate in order to work a forfeiture. It could not be effected by bringing an action for the recovery of the possession. This rule has been somewhat changed, so that at the present time the ordinary action of ejectment would have the same effect as the common-law entry." Tied. Real Prop § 277.

In this State, however, the common-law rule as regards the necessity of re-entry has been abolished by section 16 of chapter 93 of the Code: "Any person who shall have the right of re-entry in the lands by reason of any rent issuing thereout being in arrear, or by reason of the breach of any covenant or condition, may serve a declaration in ejectment on the tenant in possession, when there shall be such tenant, or, if the possession be vacant, by affixing the declaration upon the chief door of any messuage, or at any other conspicuous place on the premises, which service shall be in lieu of a demand and re-entry; and upon proof to the

court by affidavit in case of judgment by default, or upon proof on the trial that the rent claimed was due upon the premises, or that the covenant or condition was broken before the service of the declaration, and that the plaintiff had power thereupon to re-enter, he shall recover judgment and have execution for such lands."

This section has been construed by this Court in *Bowyer* v. *Seymour*, 13 W. Va. 25, and it was there held, that in an action of ejectment to recover the premises by reason of forfeiture of the lease no re-entry was necessary; but that in an action of unlawful entry and detainer a different rule prevailed, for the reason that that action was not covered by our statute above quoted. At common-law the forfeiture would not inure to the benefit of a stranger to the grant; and if the grantor conveyed the premises before forfeiture, his grantee did not get the benefit of the forfeiture.

Thus, in the case of *Nicoll* v. *Railroad Co.*, 12 N. Y. 121, the law was distinctly recognized to be, that ejectment would lie, where the estate had been vested in a grantee and forfeited by reason of the nonperformance of the condition precedent; but where the grantor afterwards conveyed the estate before forfeiture to a third person, and there was a breach of condition after such conveyance, such third person had no right of action in ejectment for the forfeiture. In that case the facts were very much like those we are now considering, the railroad company having failed to perform a condition subsequent contained in a deed of conveyance; and it was there distinctly admitted that, if the action had been brought by the original grantor, it could have been maintained.

In the case of *Jackson* v. *Topping*, 1 Wend. 388, ejectment was maintained against the alienee of a son who had accepted the gift of a farm, made on condition that he would support the father and donor during his life, and pay his debts. After the death of the donor, the donee refused to pay a considerable debt of the donor, and the heirs of the latter brought their action of ejectment against the alienee of the donee to recover the land by reason of the forfeiture, and such recovery was had. In that case in delivering the

opinion the court said: "This was an estate upon condition. It can not be urged that it is even a hard case against the defendant, for he purchased with full knowledge of the condition; or, if not, it behooved him to inquire and examine the title before he purchased." 1 Wend. 395. See *Guffy* v. *Hukill*, 34 W. Va. 49 (11 S. E. Rep. 754).

Applying the law to the facts of this case, there can not be the slightest doubt that ejectment was the proper method of taking advantage of the forfeiture. The deed to the railroad company contained many covenants in the nature of conditions subsequent, none of which it had performed; at all events there was evidence tending to show a total failure to perform any of these covenants. The deed reserved the right of re-entry to the grantors in case of failure to perform the conditions subsequent, and this, as we have seen, without any actual re-entry gave to the plaintiffs the right to recover in ejectment. With reference to the instruction asked by the defendant, which will be found copied in the statement of the case *supra*, there was no error in refusing to grant it, since it entirely ignored the condition subsequent contained in the deed of conveyance from the plaintiffs to the defendant.

Another error assigned is that the original declaration contained a count in favor of the widow of B. F. Martin, the original owner of the lot in question, and on demurrer to each and every count this count alone was sustained, and the demurrer overruled as to it, while in the amended declaration she was not joined at all as plaintiff. The verdict was for the plaintiffs S. R. Martin and C. C. Martin, and that they were each entitled to recover against the defendant an undivided one half interest in fee simple in the premises named in the declaration. The verdict then proceeded, further, as follows: "And we further find for the plaintiff Eliza Martin, and against the defendant, and that she is possessed of a life-estate or dower in the above-described premises."

It is contended that the latter clause of the verdict was irregular, and not responsive to the issue, and vitiated the whole. It appears that the court regarded so much of the original declaration as was sustained upon demurrer as still

the subject of consideration for the jury, and that the amended declaration was to be regarded as supplementary. However this may be, upon looking at the evidence in the case, which shows that no dower had ever been assigned, we do not see how defendant has been injured by the finding of the jury that the widow had an unassigned right of dower in the premises. The maxim is, *utile per inutile non ritiatur;* and this maxim is constantly applied to uphold verdicts in which the useless matter may be rejected as surplusage. The right of possession was in the heirs of B. F. Martin, and the jury has responded to the issue by finding that they are entitled to the property, and the defendant is not at all injured by a finding that the widow is entitled to dower in the premises. That is a question in which the defendant had no interest, and such finding may be rejected as surplusage, and the main fact found by the jury of the right of property in S. R. Martin and C. C. Martin must remain undisturbed.

AFFIRMED.