Bischoff, J.
No error appears from the record by due exception for which we may reverse the judgment on the merits.
Several exceptions appear to rulings on the admission of evidence for defendant. The first was taken to the denial of a motion by plaintiff’s counsel to strike out the witness’s answer to a question not objected to. It was within the discretion of the court to deny the motion (Plainer v. Plainer, 78 N. Y. 90); and assuming that the answer was in part irresponsive to the question, the motion to strike out should have been limited to that part (McCabe v. Brayton, 38 N. Y. 196; People v. Beach, 87 Id. 508, 512; Tuomey v. O’Reilly, Skelly & Fogarty Co., 3 *439 Misc. R. 302, 306). In the case of the remaining exceptions the ground of objection was not stated (Cruikshank v. Gordon, 118 N. Y. 178; Stouter v. Manhattan Railway Co., 127 Id. 661).
The judgment of affirmance of the court below is conclusive upon us respecting the weight of the evidence (Arnstein v. Haulenbeek, 16 Daly, 382; Smith v. Pryor, 16 Id. 169; Rowe v. Comley, 11 Id. 318). Plaintiff must be deemed to have conceded that there was a sufficient conflict of evidence to require the jury’s determination of the facts because he did not ask to have a verdict directed in his favor (Barrett v. Third Ave. R. R. Co., 45 N. Y. 628; Paige v. Chedsey, 4 Misc. R. 183; Meyers v. Cohn, Id. 185); and without an exception to" the denial of such a request, it is not within our province to inquire whether there was sufficient evidence to sustain the vprdict, or whether the verdict was without or contrary to the evidence (Schwinger v. Raymond, 105 N. Y. 648; Smith v. Pryor, 16 Daly, 169).
On appeal to this court from the City Court of New York, an order denying a motion for a new trial brings up for review such questions of law only as are presented by due exception taken upon the trial (Schwinger v. Raymond, 105 N. Y. 648); and an exception to the denial of a motion to set the verdict aside, and for a new trial, is not one taken upon, but after the trial (Code Civ. Pro., §§ 992, 995, 996). Such an exception cannot, therefore, avail on appeal (Matthews v. Meyberg, 63 N. Y. 656; Boos v. World Mutual Life Ins. Co., 64 Id. 236; Grier v. Hazard, 39 State Rep. 74; Carroll v. O’Shea, 2 Misc. R. 437: Meyers v. Cohn, 4 Id. 185). One other exception remains to the charge, which we proceed to notice specially.
The action was brought to recover damages for the loss of baggage belonging to a passenger, which defendant, a foreign corporation, was alleged to have received on board its steamship, Polynesia, for transportation from *440 Stettin, Germany, and which it failed to deliver, on arrival of the steamship at its place of destination in this country. On the trial it was contended on defendant’s behalf that plaintiff was not, when the action was commenced, a resident of the State of New York, and the fact appeared by fair inference from plaintiff’s depositions taken under a commission. Counsel for defendant, therefore, urged that the court was without jurisdiction to determine the rights of the litigants. Plaintiff’s counsel thereupon, as a witness in his client’s behalf, testified to the fact of the latter’s residence in the city of New York at the time of the commencement of the. action. On the question of plaintiff’s non-residence, as well as that the baggage was lost through defendant’s .neglect, there ensued a conflict of evidence, and upon the submission of the case, the trial justice charged the jury as follows: “It is for you to determine whether the plaintiff' in this action was a non-resident of this city when this action was commenced, February 15, 1892, as it seems to be. If you find he was not such a resident, your verdict will be for defendant. Should you conclude he was a resident, your verdict will be in favor of the plaintiff, and that will bring you to the other disputed questions of fact in the case.” To this charge plaintiff’s counsel excepted generally, to wit: to all that part of the charge relating to plaintiff’s residence.
The vice of the exception is apparent. It is incumbent upon counsel for the excepting party to point out the specific part of the charge to which he intends to object, so that the error, if any, may be obviated. If, therefore, a charge, excepted to generally, is objectionable in some respects but unobjectionable in others, the.exception does not present error (Stone v. Western Transportation Co., 38 N. Y. 240; Jones v. Osgood, 6 Id. 233; Caldwell v. Murphy, 11 Id. 416; Walsh v. Kelly, 40 Id. 556; Groat v. Gile, 51 Id. 431, 442; Hunt v. Maybee, 7 Id. 266; Haggart v. Morgan, 5 Id. 422; Oldfield v. N. Y. & *441 Harlem R. R. Co., 14 Id. 310, 315; McGinley v. U. S. Life Ins. Co., 77 Id. 495).
Upon the conflict of evidence it was the province of the jury to determine whether or not plaintiff was a nonresident at the time of the commencement of the action ; and having determined that plaintiff was not a non-resident, and that the loss of his baggage was occasioned through defendant’s fault, it was the jury’s duty to return a verdict for plaintiff. In these two last mentioned respects, therefore, the charge of the trial justice was not justly open to adverse criticism. Hence, for the reason already stated, the exception taken is not available to show that the justice erred because the charge in effect determined that the cause of action did not arise within this State, as plaintiff’s counsel now contends it did. In this connection it may not be amiss to call counsel’s attention to a grievous error on his part. We observe that he refers to “ Exhibit A,” which is in the German language and attached to plaintiff’s deposition, and of which there appears no translation in the record, as the passage contract between plaintiff and defendant, by the terms of which, it is claimed, defendant undertook to convey plaintiff, and to transport his baggage, from Stettin to New York. This instrument, however, does not purport to have been made on defendant’s behalf, and on its. face appears to be no more than a contract by one R. Mungr with plaintiff, wherein the former is described to be an •emigrant-forwarding agent, accredited as such by the local authorities at Stettin, and whereby he undertook to secure plaintiff’s conveyance, and the transportation of the latter’s baggage, from Stettin to New York by the steamship Polynesia. Mungr’s relation to defendant- is nowhere defined in the instrument. Neither does the record elsewhere inform us in that respect. For aught which appears, the contract involves only a personal enterprise on Mungr’s pa^t. No contract on plaintiff’s part with defendant appears to have been made in this State, *442 and the fact that plaintiff embarked upon defendant’s steamship at Stettin will at most sustain an inference that defendant’s contract with plaintiff for conveyance tO' this country was made at Stettin. From unchallenged evidence it appears that the destination of the steamship was Hoboken, New Jersey, and from that fact we can only infer that the place of destination was the place intended for delivery of the baggage which defendant had assumed to transport. In the abstract we agree with plaintiff’s counsel, that a contract is broken by failure to perform it at the place where, by its terms, the contract was to be performed, and that the cause of action arises when and where the breach occurs (Perry v. Erie Transfer Co., 28 Abb. N. C. 430, and note; Hibernia Nat. Bank v. Licombe, 84 N. Y. 367; Burckle v. Eckhart, 3 Id. 132; Toronto Gen. Trust Co. v. Chicago, Burlington & Q. R. R. Co., 32 Hun, 190; Pres., etc., Bank of Commerce v. Rutland & Washington R. R. Co., 10 How. Pr. 1; Pomeroy's Remedies and Remedial Rights, §§ 452, 454, 518, 520). Upon the evidence, however, these propositions lead to the conclusion that the cause of action sued upon arose in New Jersey.
Counsel for appellant, however, further assails the judgment appealed from upon the ground that in so far as the charge directed the jury to find for the defendant if they believed plaintiff to have been a non-resident at the time of the commencement of the action, it involved an assumption of excessive jurisdiction on the part of the trial court, because it was incumbent upon the dourt, when the fact of plaintiff’s non-residence was ascertained, to decline to adjudge the rights of the litigants, and to dismiss the action ; and that, therefore, the verdict for defendant, as well as the judgment rendered thereon, are coram non judice and void. It is conceded that the verdict and judgment would have the effect claimed if the fact of plaintiff’s non-residence appeared affirmatively from the record. Section 1780, of the Code of Civil Procedure, *443 inhibits the courts of this State from maintaining an action by a non-resident or foreign corporation against a foreign corporation^ except when the action is brought to recover damages for the breach of a contract made within this State, or relates to property within this State when the contract was made, or is to recover real property or a chattel within this State, or the cause of action arose' therein. These inhibitory provisions operate to limit the jurisdiction of the courts with respect to the subject matter of the litigation, and when, therefore, in an action against a foreign corporation the status of the plaintiff as a foreign corporation, or non-resident, is conceded or otherwise ascertained, and the case does not present one of the exceptions above mentioned, the courts of this State cannot proceed to adjudge the rights of the litigants, but must dismiss the action (Perry v. Erie Transfer Co., 28 Abb. N. C. 430; Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315; Davidsburgh v. Knickerbocker Life Ins. Co., 90 Id. 526).
As jurisdiction of the subject matter cannot be conferred by consent of the litigants, so it cannot be conferred by their omission to object to the exercise of jurisdiction ; nor are the parties estopped from disputing the validity of the judgment for want of jurisdiction of the subject matter of the action at any time (Wilmore v. Flack, 96 N. Y. 512, 519; McMahon v. Rauhr, 47 Id. 67). No exception is required, and the objection that the judgment was in excess of the power of the court to render it is available on appeal, though made for the first time (Cook v. Whipple, 55 N. Y. 150, 157; Fiester v. Shepard, 92 Id. 251; Matter of Larson, 96 Id. 381).
Every intendment, however, is in favor of the validity of a judgment, if regular on its face, and the burden of establishing a want of jurisdiction is upon him who asserts it (Ferguson v. Crawford, 86 N. Y. 610); and if the court which rendered the judgment had jurisdiction generally of actions involving alike subject matter, the presumption *444 is that it had jurisdiction in the particular case, unless the facts which limit the exercise of jurisdiction in prescribed cases affirmatively appear. 11 If the petitioner states such a case in his petition that, on demurrer, the court would render judgment in his favor, it is an undoubted case of jurisdiction ” (U. S. v. Arredondo, 6 Peters, 709; 85 U. S. 959; Davis v. Packard, 6 Wend. 327, 332; People ex rel. Tweed v. Liscomb, 60 N. Y. 559).
The case at bar is to be distinguished from cases where the existence of certain facts must appear to sustain jurisdiction (Fischer v. Langbein, 103 N. Y. 84). Here the existence of a certain fact, non-residence of the plaintiff, is required to oust the court of jurisdiction. The existence of s°uch a fact will not be presumed. To áuthorize a dismissal of the action, therefore, under the provision of § 1780 of the Code of Civil Procedure, for want of' jurisdiction because, of the non-residence of the plaintiff, the fact of his non-residence must be first proved and determined (Leslie v. Lorillard, 18 N. Y. Weekly Dig. 288; Gurney v. Grand Trunk Ry. Co., of Canada, 37 State Rep. 557). No such determination was had in the case under consideration. How, then, may we say that the court below was without jurisdiction because plaintiff was a nonresident of this State when the action was commenced ? It is the province of the trial court, not of the appellate cou-rt, to determine the facts upon a conflict of evidence (Purchase v. Mattison, 25 N. Y. 211; Whitehead v. Kennedy, 69 Id. 462; Cuff v. Dorland, 57 Id. 560; Riley v. Black, 1 Misc. R. 292; Coe v. Raymond, 89, N. Y. 612); and if jurisdiction be dependent upon the existence or nonexistence of certain facts, the trial court has power to determine the facts upon the evidence (Roderigas v. East River Sav. Bk., 63 N. Y. 460, 464). Upon a jury trial, unless the contrary appears, it must be assumed that the jury found all the essential-facts of which there was sufficient evidence consistently with the verdict (Sutter v. Vanderveer, 122 U. S. 652; 3 Silvernail, Ct. App. 130). *445 Thus, upon the issue respecting the' fact of plaintiff’s non-residence, the record presents an affirmative finding to the effect that plaintiff' was not a non-resident, and thereby the jurisdiction of the trial' court to render judgment on the merits for defendant is sustained.
We do not fail to notice the criticism that the manner in which the issues were submitted to the jury, and the determination of those issues by a general verdict, renders it impossible to say that the jury did not find for defendant because of the fact of plaintiff’s non-residence at the time of the commencement -of the action, and that the verdict for defendant, and judgment in its favor thereon, if permitted to stand, may operate to preclude plaintiff from again seeking redress for the same cause of action in the proper forum. Counsel’s apprehensions concerning the conclusiveness of the verdict and judgment are well grounded. A general verdict and judgment thereon upon an issue in abatement, joined with an issue in bar, estops the • party against whom the verdict was found and the judgment was rendered from again litigating the merits of the same issue in bar (Sheldon v. Edwards, 35 N. Y. 279). At common law, issues in abatement were required to be tried and determined before the trial of issues in bar. Under the Code of Civil Procedure, however, defenses in abatement may be joined with defenses in bar, and both must be determined together at one and the same trial (Pomeroys Remedies and Remedial Rights, § 721). If counsel desired to avoid the effect of a general verdict for defendant upon plaintiff’s rights, he should have asked the trial court to direct a special finding by the jury on the issue respecting the fact of plaintiff’s non-residence. If such a direction had been refused, an exception thereto would have presented error which it would have been our province to correct. If it had been granted, and the jury had found for defendant on the issue in abatement, the court would have been enabled to render the proper judgment for dismissal of the action for want of jurisdiction, *446 and thus plaintiff would not have been precluded from again litigating the merits of his cause of action (Sweet v. Tuttle, 14 N. Y. 465; Gardner v. Clark, 21 Id. 399; Coe v. Raymond, 89 Id. 612; Pomeroy's Remedies and Remedial Rights, § 721). As the record is presented to us we must, as already stated, assume that the jury found for defendant on the merits, and for plaintiff that he was a resident as he contended.
The judgment of the general and trial terms of the court below must be affirmed, with costs.
Daly, C. J., and Pryor, ]., concurred.
Note on Special Questions for the Jury as Distinguished from Special Verdicts, General Verdicts and Questions (Feigned Issues) Framed in Equity Cases. ■ ■
The case in the text points to the advantages of a , practice very common in England and in some Western States, and equally authorized but comparatively infrequent here, by which, on the trial of a common law case before a jury, the judge may, beside allowing them to find a general verdict, require them to answer specific questions.
In the history of trial by jury, there have been many struggles over the right of the jury to render a general verdict. This was not a contention on a matter of form. The right to give a general verdict is the right to pronounce absolutely for one party or the other without giving reasons or specifications. It is the right to take sides, so to speak, without being responsible to give explanations. If the general verdict is a finality, it is a finality concerning the law as well as concerning the facts. The phase of the controversy respecting criminal cases generally is familiar, where although in theory the jury must take the law from the ' judge, there is no remedy if they acquit in disregard- of his instructions on the law. The more specific controversy raised by the effort to require the jury in prosecutions for libel to confine themselves to the question of publication, is another illustration of the right,—a right which has with us been secured in those cases by a constitutional provision.
This right of the jury was exercised in early times at the peril of punishment by attaint for “a false verdict.” There *447 being in those days no remedy by appeal or writ of error, the rude redress afforded by the law for an erroneous verdict .was a criminal prosecution of the jury.
But with this right, which juries persistently maintained, there grew up another one in civil cases, viz : to render a special verdict finding the facts only, and leaving it to the court to enter a general verdict and judgment thereon, for the one party or the other, according as the law applied to those facts should dictate. Evidently, the special verdict was the safer form of deliverance in times when attaint might follow if the unsuccessful party had sufficient influence. But the judges would not receive a verdict stating the evidence, file special verdict must state the ultimate or resultant facts, and all the facts ; and its conclusion was always that if the court should be of opinion upon the whole matter thus found, that the plaintiff was entitled to recover, then they, the jury, find for the plaintiff, but if otherwise, then they find for defendant. That is to say they found all the facts, and left with the court the form of a general verdict each way, so that the court might enter either and discard the other according as the law applicable to the rights of the parties under those facts might require.
These methods, the general and the special verdict, are provided for as rights of the jury by our statute in specified classes of cases. N. Y. Code Civ. Pro., § 1187.
The special verdict is now very rare in actual practice. It may be drawn up by the attorneys, and often was when the facts were clear, and the object was to get the question of law plainly before the court without losing the benefit of exceptions to proceedings on the trial. If presented to the jury they can adopt it, or modify it, or draft their own in preference, subject always to the power of the court to require them to make it complete and definite. Abb. Trial Jury Brief, 159-161.
The courts have always asserted another distinct power, viz : to require a jury in a cause submitted to them for a general verdict, to answer special questions as to the fact.
If, for instance, in an action for negligence, plaintiff should make a case appealing very strongly to the sympathy of the jury, and there was evidence of á fact such as contributory negligence, or a lack of evidence of a fact such as notice, forming an element such as the jury ought not to disregard, but were in danger of disregarding, the judge could require them to find specifically as to that fact. •
*448 In other words, the power to require an answer to a special question is a qualification of the otherwise unlimited right of the jury to decide the case without explanations or particulars.
The answers are as binding on the court as a general verdict would be, and if they are in any respect incompatible with the general verdict they control, and the general verdict must in so far yield.
A very important feature of this power of the court is that it may be exercised even after a general verdict has been received. Spurr v. Shelburne, 131 Mass. 429.
It is hardly necessary to remind the reader that all these rules apply to trial by jury of actions of a common law nature, and that the practice of settling questions in an equity case to be tried by a jury results in findings which are not accompanied by a general verdict, and not binding on the court.

Notes of Cases.

1. Immaterial questions. Peninsular Land Transportation & Mfg. Co. v. Franklin Ins. Co., 35 W. Va. 666; s. c., 14 S. E. Rep. 237. In an action on a fire insurance policy,—held,, that it was proper for the trial judge to refuse to permit immaterial questions to be propounded to the jury; and that a question was immaterial unless an answer thereto, if. contrary to the general verdict, would control the same, and be conclusive of the verdict.
2. Ohio & Mississippi Ry. Co. v. Ramey, 39 Ill. App. 409; aff’d in 138 Ill. 9; s. c., 28 N. E. Rep. 1087. In an action for negligence in maintaining a railroad embankmentwhich caused plaintiff’s land to be over-flowed, judgment for plaintiff will not be reversed for the jury, failure to answer the interrogatory : “ Was plaintiff’s damage the direct result of an extraordinary rainfall ?” since such interrogatory is immaterial because not limited so as to include the fact whether such rainfall could have reasonably been anticipated.
3. Wyckoff v. Taylor, 13 Daly, 564; s. c., 1 State Rep. 612. It is error to submit to the jury a special question which is not presented by the pleadings ; and an admission by counsel on the trial will not supply the lack of such allegation..
4. Question mingling law and fact. Korrady v. Lake Shore, etc., R. Co. (Ind.) 1892. 29 N. E.Rep. 1069. Action for the negligent killing of plaintiff's intestate.—Held, that it was not error for the court to decline to submit to the jury plamtiff’s interrogatory: “ Is *449 it not a fact that K. (the deceased) was not negligent in crossing the wide alley where he did, if he did not know such engine was approaching at a speed of more than to miles an hour ? A party has no right to ask for a general conclusion intermingling matters of fact with matters of law.
5. Jtiry must be left free to be inconsistent. Mechanics’ Bank of Detroit v. Barnes, 86 Mich. 632 ; s. C., 49 N. W. Ref. 475. It is error for the trial court to instruct the jury that their special findings, must be in harmony with their general verdict.
Following Cole v. Boyd, 47 Mich. 98; s. c., 10 N. W. Ref. 124.
6. Questions when to be fut. Peninsular Land Transportation & Mfg. Co. v. Franklin Insurance Co., 35 W. Va. 666; s. c., 14 S. E. Rep. 237. At what time or stage of the trial special questions may be submitted to the jury rests in the discretion of the trial court, but such discretion should not be exercised so as to give unfair advantage to either party.
7. Questions after verdict. Germond v. Central Vt. R. Co., 65 Vt. 126; s. c., 26 Atlantic Rep. 401. Where in an action against a railroad company for the death of plaintiff’s intestate, the jury have been directed to make special findings as to specified issues, it is not error for the trial court, on the jury coming into court after rendering a general sealed verdict, to allow plaintiff to ask them on which of the special issues they had found for defendant, and to direct the clerk to write down their answer as a special verdict.
8. Receftion of answers. Robinson v. Town of Washburn, 81 Wis. 404; s. c., 51 N. W. Rep. 578. It is error for the trial court to refuse to receive and enter a special verdict on the ground of the incompleteness or inconsistencies of answers given, which do not in any way qualify or limit the answers upon which the right of either to a judgment is made clear.
9. Inability to agree on answers. Murray v. N. Y. Life Insurance, 96 N. Y. 614; aff'g 30 Hun, 428. In an action on a life insurance policy, in submitting the case to the jury, the court requested them to answer specifically the following questions : Did B. fire the shot which killed W. intentionally? Was the killing of W. justified on the ground of self-defense ? At the time W. was shot, had he abandoned the contract ? The court, however, stated that he did not consider the questions necessary to the verdict. The jury returned a general verdict for defendant, accompanied by a statement that they were unable to answer the questions.—Held, that an objection to the reception of the verdict until the questions were answered was untenable.
[On this point see note in 24 Abb. N. C. 327.]
*450 10. Special finding controls. Geddes v. Blackmore, 132 Ind. 551; s. c., 32 N. E. Rep. 567. Action on a note. The court, upon motion, ordered a judgment for defendant upon the special findings, though the jury made a general finding in favor of defendants.
S. P. Phelps & Bigelow Windmill Co. v. Buchanan. (Kan.) 3891 26 Pac. Rep. 708; Cortland Mfg. Co. v. Platt, 83 Mich. 419; s. c., 47 N. W. Rep. 330.
11. Omaha, etc., Ry. Co. v. Hall. (Neb.) 1892. 50 N. W. Rep. 10. A general verdict, which is clearly inconsistent, and in conflict with a special finding of fact submitted to the jury in the same case ; it is error not to set aside the verdict on motion and grant a new trial.
And judgment maybe given on the former. School Dist., Lyon County v. Lund. (Kan.) 1892. 33 Pac. Rep. 595.
12. Incompatibility must appear. Reeves v. Moore. (Ind. App.) 1892. 31 N. E. Rep. 44. Answers to interrogatories override a general verdict only when both cannot stand together.
S. P. Hulett v. Kennedy. (Ind. App.) 1892. 30 N. E. Rep. 310; Schaffner v. Kober, 2 Ind. App. 409; s. c., 28 N. E. Rep. 871. Gates v. Chicago, etc., Ry. Co. (So. Da.) 1892. 50 N. W. Rep. 907; Evansville, etc., R. R. Co. v. Kyte. 1893. (Ind. App.) 32 N. E. Rep. 1134; Obersteller v. Commercial Assur. Co., 96 Cal. 645; s. c., 31 Pac. Rep. 587.
13. Chicago, etc., R. R. Co. v. Spielker, 33 N. E. Rep. 280. Action for personal injuries. If special findings can be reconciled, general verdict will not be disturbed.
S. P. Cincinnati, etc., R. Co. v. Smock. (Ind.) 1893. 33 N. E. Rep. 108.—Holding that in an action against a railroad for causing a fire, a special finding as to the perfect condition of the sparkarrester used in defendant’s engine cannot control a verdict in favor of plaintiffs, since the negligence of defendant’s employees in operating the engine is left out of consideration.
14. Todd v. Badger. (Ind.) 1893. 33 N. E. Rep. 963. In an action for damages for an overflow alleged to have been caused by the erection of a dam, a special finding that plaintiff's land would have been overflowed if the dam had not been built is not inconsistent with a general verdict in favor of plaintiff, since the jury may have considered that the lands were overflowed to a greater extent by reason of the dam.
15. Cleveland, etc., Ry. Co. v. Johnson, (Ind. App.) 33 N. E. Rep. 1004. In an action by a passenger against a railroad com *451 pany for personal injuries caused by the derailment of the train in which plaintiff was riding, a general verdict in favor of plaintiff will not be set aside on the ground that it is inconsistent with the special verdict finding that some of the defects charged as the cause of the accident did not exist, since it will be presumed that the jury based their verdict on other defects charged, concerning which there was no special finding.
16. Inconsistency. As against special findings inconsistent with themselves, the general verdict controls. Matchett v. Cincinnati, etc., R. Co., 132 Ind. 334; s. c., 31 N. E. Rep. 792.
17. Inadequacy as to amount. Branson v. Studebaker, (Ind.) 1893. 33 N. E. Rep. 98. Where a special verdict states a general sum as damages, it is not necessarily bad, on motion fora venire ■de novo, though the specific facts stated may not in law entitle the successful party to the damages specified in the general statement; for where specific facts are stated which will enable the court to fix the amount, the appropriate judgment may be entered on the •specific facts.
18. Mere evidence. Hoosier Stone Co. v. McCain. (Ind.) 1893. 31 N. E. Rep. 956. In an action to recover for the wrongful killing •of plaintiff’s intestate,—held, that the ultimate facts establishing defendant’s negligence must appear in the special verdict to enable the court to apply the law, and that mere evidentiary matters are •out of place and valueless in such a verdict.
19. Prolixity and surplusage. Reeves v. Grottendick. (Ind.) 1892. 30 N. E. Rep. 889. A special verdict is not necessarily vitiated because of needless prolixity and for containing matters of evidence and conclusions of law, the rule being that' it will be sustained if, after eliminating improper matter, it contains facts sufficient to sustain a judgment.
20. Branson v. Studebaker. (Ind.) 1893. 33 N. E. Rep. 98. Action for trespass on lands. If a special verdict state sufficient facts to support a judgment, the presence of conclusions of law or matters of evidence will not vitiate the verdict.
21. Martin v. Ohio River Railroad Co., 37 W. Va. 349; s. c. 16 S. E. Rep. 589. Where a verdict contains matter of fact which is immaterial and not responsive to the issue, such matter maybe rejected as surplusage, and the verdict will stand, if the remaining portion is responsive to the issue, and not open to any further •objection.
22. Special verdict must cover all issues raised if there is no general verdict. Walsh v. Bowery Savings Bank, 10 Civ. Pro. R. 32. *452 Action to recover a savings bank deposit which plaintiff claimed under a gift catisa mortis.—Held, that it was error for the court to direct the jury to find a special verdict only as to whether or not there had been a gift without submitting the other issues of fact raised by the pleadings as to whether plaintiff demanded payment from defendant before it paid the deposit to the administrator of intestate, and whether it paid the amount to the duly qualified administrator without notice; and that the verdict could not be aided by the court making findings as to the other issues' without consent.
23. Findings not passing on all the issues. State Insurance Co. v. Gray, 44 Kan. 731; s. c., 25 Pac. Rep. 197. Where parties stipulated before the submission of the case to the jury that only certain questions should be submitted and that the others should be reserved and decided by the court,—held, that the right of either party to a general verdict was waived, and that the refusal of the court to charge the jury as to matters which would be proper if the whole case had been submitted to the jury furnished no ground for exception.
24. Montgomery v. Sayre, 91 Cal. 206; s. c., 27 Pac. Rep. 648. Where, in an action' on note, after the jury made special findings, against plaintiff without rendering a general verdict, the trial proceeded before the judge upon issues not submitted to the jury.— Held, that the trial judge had no authority, in absence of an express waiver of the findings of the jury by defendant, to set them aside and render judgment for plaintiff. If the court vacated or set aside the verdict it was its duty to order a new trial.
25. Bronson v. Studebaker. (Ind.) 1893. 33 N. E. Rep. 98. A special verdict is not bad as against a motion for a venire de novo, although it may not embrace all the issues.
26. Joyce v. Halifax Street Ry. Co., 24 Nova Scotia, 113. It is no. objection to a verdict for findings that some questions have been left unanswered, if the point of the questions not answered is disposed of by those answered.
27. Matchett v. Cincinnati, etc., R. Co., 132 Ind. 334; s. c., 31 N. E. Rep. 792. Action by an employee against a railroad for personal injuries.—Held, that a general verdict finds all facts in favor of the party for whom it is given, unless the special findings show that such facts do not exist or were not proved.
28. In Hoosier Stone Co. v. McCain (Ind.), 1892, 31 N. E. Rep. 956, the court say: " The contention of counsel that a venire de novo should have been awarded because the special verdict does not find *453 all the facts cannot prevail. Even at common law, a special verdict was not ill because it did not state all the facts, although it was ill if it did not embrace all the issues. But under the peculiar rule which prevails in this jurisdiction, a special verdict is not ill even though it may not cover all the issues.”
29. Humpfner v. D. M. Osborne & Co. (So. Da.) 50 N. W. Rep. 88. Where no general verdict is found, a special verdict must find on all material facts in issue, although the evidence may establish beyond controversy the existence of such facts. But facts admitted by the pleadings need not be submitted to or found by a jury in a special verdict.
30. Mechanics’ Bank of Detroit v. Barnes, 86 Mich. 632; s. c., 49 N. W. Rep. 475. Where the jury in an action on a note returned a general verdict for plaintiff, and at the same time to an interrogatory as to a fact essential to plaintiff’s recovery, answered they did not know,—held, that the general verdict was without foundation and amounted to a mistrial.
31. Form of proceeding is simply to disregard the general verdict and enter judgment directly on the special findings. Dempsey v. Mayor, etc., of N. Y., 10 Daly, 417. Where the special findings by the jury and their general verdict are inconsistent, the former must control, and a judgment should be ordered in accordance therewith. But it is. not a material error for the court to set aside the general verdict and to direct a verdict in accordance with the findings.
32. Review. First Nat. Bk. of Chicago v. Dean, 137 N. Y. 110; s. c., 50 State Rep. 194. If, by consent in a common law action, a special verdict is directed as to some of the issues only, and the other issues are reserved for determination by the court, the verdict can only be reviewed by a motion for a new trial under Code Civ. Pro., § 1003, relating to proceedings to review a trial by jury of one or more specific questions of fact arising upon the issues, in an action triable by the court without a jury.
33. Johnson v. Visher, 96 Cal. 310; s. c., 31 Pac. Rep. 106. Where there is no request at the time a verdict is rendered that it be made more formal and specific, and the construction of tjie trial court is relevant and responsive to the pleadings, an objection to it will not be heard on appeal.